**HENRY WATKINS and LILLIAN WATKINS, his wife, v. ETHEL BURNSTEIN.**

| | |
|---|---|
| 14 So. (2nd) 569 | January Term, 1943 |
| April 6, 1943 | En Banc |
| Rehearing granted April 26, 1943 | Adhered to June 15, 1943 |

*Julius I. Friedman,* for appellants.

*A. Louis Mechlowitz,* for appellee.

BUFORD, C. J.:

The record shows that Henry Watkins and his wife Lillian Watkins executed a mortgage pledging their home to secure the repayment of certain money. Afterwards the mortgage by assignment came into the hands of Miami Industrial Bank. Payments became in default. Ethel Burnstein approached the debtors and offered to let them have the money with which to liquidate the indebtedness then due Miami Industrial Bank. They made a deal. The mortgage to the Miami Industrial Bank was paid off and deed was executed by Henry Watkins and Lillian Watkins to Ethel Burnstein and at the same time

a lease agreement was executed between the Watkins and Ethel Burnstein and the Watkins remained in possession of the property.

This transaction occurred on the 9th day of October, 1940. On March 30th, 1942, Henry and Lillian Watkins filed their bill in the Circuit Court seeking to have the document which appeared on its face to be a deed adjudicated and held to be a mortgage.

As we read the record, it is shown conclusively that Henry and Lillian Watkins entered into the agreement with the understanding on their part that Ethel Burnstein was loaning a sufficient amount of money to pay off and discharge the Miami Industrial Bank Mortgage and that, regardless of what the intention of Ethel Burnstein was, she represented to Henry and Lillian Watkins that she was advancing them money with which to pay off existing indebtedness and that she only wanted security for the money which she was so advancing. In fact, she testified repeatedly that she did not want the property and, in effect, that her purpose was to help these ignorant negroes save their home.

The record shows conclusively that Ethel Burnstein paid out the following sums: to Miami Industrial Bank $690.00, recording and stamps $4.20, abstract $21.00, taxes $95.00, attorney's fees $100.00, making a total of $910.20. That her contract with Henry and Lillian Watkins required them to pay to her the sum of $20.00 per month beginning on November 1st 1940, to and including the 1st day of October, 1942, with an option as follows:

"It is understood and agreed by and between the parties hereto that at any time between the 1st day of August, 1942 and September 30, 1942, the lessee shall have the option to purchase the within premises at and for the sum of Nine Hundred and Ten and 20/100 ($910.20) Dollars, provided that said sum shall be paid in the manner now about to be set forth and provided further that the following conditions precedent to their right to exercise the said option shall have been observed by the lessees;"

The agreement further provides:

"3. The purchase price of Nine Hundred and Ten and 20/100 ($910.20) Dollars above specified shall be paid at the time of the closing, had pursuant to the exercise of the within option, by the execution of a certain purchase money mortgage described in the next paragraph; but there shall be first deducted from the amount of the purchase price as a credit on account thereof, an amount which shall be figured as follows: that is to say, from the aggregate amounts of the cash payments made to the lessor pursuant to the terms of this lease (including the payment of such sums of moneys which accompany the notice of intention to exercise the option) there shall be deducted an amount equivalent to interest figured on the said sum mentioned herein as the purchase price, which interest shall be figures from and after the 1st day of October, 1940, up to the date of the closing, which interest shall be figured at the rate of eight (8) per cent per annum and the interest shall be figured on the full purchase price described herein, without any deduction therefrom by reason of the monthly installments of rent and the amounts of interest so figured shall be subtracted from the aggregate of the monthly cash installments of rent just herein referred to and the balance shall be deemed a net credit upon the purchase price as aforesaid."

Thus, it is seen that it was the purpose of Ethel Burnstein to get rentals for two years at $20.00 per month, a part of which, in the event the Watkins should be in position then to repay the loan, was to be held as interest at 8% per annum on the sum of $910.20, and the balance was to be credited as payment on the amount which had been paid out by her, to-wit $910.20.

Thus the question of usury and overreaching was avoided.

The decree should be reversed with directions that a decree be entered holding the deed and lease with option to purchase to be a single transaction constituting a mortgage.

Reversed and remanded.

CHAPMAN, THOMAS, ADAMS and SEBRING, JJ., concur.

TERRELL and BROWN, JJ., dissent.

TERRELL, J., dissenting:

The sole question presented in this case is whether or not a deed executed by appellants was in fact intended to be a deed or a mortgage. The chancellor found that it was a deed and the record amply supports his finding.

PER CURIAM:

On reconsideration of this case (pursuant to rehearing granted to give parties opportunity to file briefs) in the light of briefs filed, our couclusion is that our opinion and judgment entered herein on April 6th, 1943, should be adhered to.

It is so ordered.

BUFORD, C. J., CHAPMAN, THOMAS, ADAMS and SEBRING, JJ., concur.

BROWN and TERRELL, JJ., dissent.