96 So.2d 771 (1957)
A.C. THOMAS, Jr., Georgia Patricia Thomas and Lawrence D. Cowart, Appellants,
v.
L.C. THOMAS and Gladys B. Thomas, Appellees.
Supreme Court of Florida, Special Division B.
June 12, 1957.
Rehearing Denied September 18, 1957.
*772 Clyde R. Brown, Bonifay, and James N. Daniel, Chipley, for appellants.
Ben F. Barnes and John H. Carter, Jr., Marianna, for appellees.
ROBERTS, Justice.
This controversy arose out of a transaction between the parties involving a deed and a contract of purchase and sale, by which the appellant, A.C. Thomas, Jr., deeded the subject property to his brother L.C. Thomas, appellee here, and at the same time entered into a contract whereby L.C. agreed to sell and A.C. agreed to purchase the subject property.
Suit was filed by L.C. and wife against A.C. and wife (and A.C.'s lessee, one Cowart) for a decree declaring the sales-purchase agreement to be null and void because of A.C.'s failure to make the payments required thereunder and L.C.'s declaration of forfeiture pursuant to its terms. A.C. defended on the ground that the transaction was, in fact, a mortgage and that payment of the amount due thereunder had been tendered to L.C. and to his attorney prior to the instant suit, and that each party had refused to accept the proffered payment. His answer incorporated a counterclaim, asking the court to decree that the deed and contract constitute a mortgage to secure the payment of an indebtedness of $7,500 and that the deed be reformed to show that it is a mortgage.
The lower court held that the deed and sales-purchase agreement "constituted a conditional sale of the land rather than a mortgage of the land," and entered a decree declaring that L.C. was the owner of the property and that A.C. et als. had no right, title or interest therein. A.C. has appealed and here questions the sufficiency of the evidence to support the decree of the Chancellor.
There is very little conflict in the evidence. It is conceded that the transaction was necessitated by financial difficulties in which A.C. found himself because a note and mortgage owing to the bank was past due. He applied to an insurance company for a loan but it was disapproved because the company's policy was to make loans of no less than $7,500 and only up to 50 percent of the value of the property, and A.C.'s property was appraised by the company at $12,000. L.C.'s application to the insurance company for a loan on his own property had, however, been approved; and it was agreed that A.C. execute a deed of his land to L.C. and that L.C. would include such land in his loan *773 application and obtain an additional $7,500 for A.C. Pursuant to the agreement, L.C. obtained a loan of $29,500 from the insurance company, securing the same by a mortgage, dated November 12, 1953, on his own property and that covered by the deed thereafter executed by A.C. According to a statement in the contract of purchase and sale here in question, the $7,500 allocated to A.C. was disbursed by L.C. as follows: "$6,256.19 plus accrued interest to C.C. Harrison for the satisfaction of an outstanding note and mortgage [A.C.'s], plus the sum of approximately $432.50 being the proportionate part of the cost of the loan obtained by the parties of the first part on this [A.C.'s] property and other property for the purpose of obtaining said sum of money, also accrued and delinquent taxes, and plus cash delivered to the said party of the second part [A.C.]." The deed and contract here in question were executed on November 24, 1953.
Under the terms of the sales-purchase contract, A.C. remained in possession of the property but was required to keep it in good repair, to take out and pay the premiums on insurance on the buildings if required by the insurance company, and to pay taxes. Subsequent to the transaction in question, A.C. executed a five-year written lease of the premises to the defendant Cowart, with the knowledge and consent of L.C. The contract stated that "the sum of $7,500.00 is to be considered the purchase price to be paid" by A.C. for the property, payable over a 20-year period in annual payments of $375.00 plus interest at the rate of 5-1/4 percent per annum.
The real question here is whether the $7,500 allocated to A.C. was actually a loan to A.C. or the consideration for a bona fide sale of A.C.'s property to L.C., in view of the provision of Section 697.01, Fla. Stat. 1955, F.S.A., that "All conveyances * * conveying or selling property, * * * for the purpose or with the intention of securing the payment of money, * * * shall be deemed and held mortgages, * * *." L.C. testified that he did not intend it to be a loan  that he intended the transaction to be an absolute purchase of the property, with an agreement to reconvey upon receipt of the purchase price. A.C. testified that he did not intend actually to sell the property to L.C.  that he thought the transaction was in the nature of a second mortgage on his property.
In deciding the question of whether a deed is, in fact, a mortgage, the court "may take into consideration the paper itself, or the instrument in connection with contemporaneous writings or agreements concerning the subject matter, or by the aid of extraneous evidence which will determine the decision of the question. The attitude of the parties relative to the conveyance after its execution may also be considered." Marcus v. Hull, 1940, 142 Fla. 306, 195 So. 170, 172. The statute in question, Sec. 697.01, supra, should be liberally construed, Torreyson v. Dutton, 1940, 145 Fla. 169, 198 So. 796; and in cases of doubt the deed should be construed to be a mortgage. Marcus v. Hull, supra, and cases cited.
It will have been noted that the circumstances surrounding the transaction, the terms of the contract of purchase and sale, and the attitude of the parties subsequent to its execution, all point to the fact that the transaction was not a bona fide sale of the premises but merely an arrangement by which A.C. could obtain a loan on his property and pay it off over a 20-year period. The fact that there was no promissory note evidencing the debt does not prohibit a holding that the transaction was a mortgage arrangement. See Watkins v. Burnstein, 152 Fla. 828, 14 So.2d 569, a case very similar on its facts to the instant case.
While we are always reluctant to overrule a Chancellor in a case of this kind, it appears that the testimony was taken before a special examiner without authority to make findings of fact and recommendations, so that this court has the same *774 opportunity to evaluate the testimony as did the Chancellor; and we have concluded that, under the decisions of this court cited above, the Chancellor erred in holding that the transaction constituted a conditional sale of the land rather than a mortgage thereof.
Accordingly, the decree is reversed and the cause remanded for further proceedings not inconsistent with the views herein expressed.
TERRELL, C.J., THOMAS, J., and KNOTT, Associate Justice, concur.