131 So.2d 765 (1961)
Vera W. McLENDON, Appellant,
v.
Dorema DAVIS and Mary V. Davis, Appellees.
No. 60-491.
District Court of Appeal of Florida. Third District.
June 19, 1961.
Rehearing Denied July 18, 1961.
Nicholas J. Capuano, Miami, for appellant.
*766 J.T. Blackard and Charles J. Crowder, Miami, for appellees.
Before HORTON, C.J., and CARROLL, CHAS., J. and SMITH, D.R., Associate Judge.
HORTON, Chief Judge.
This controversy arose out of a written agreement entered into between the parties pursuant to which the appellant executed a quitclaim deed and later a warranty deed to the appellee Dorema Davis. The appellant instituted suit in which she sought recision and other equitable relief. Basically the appellant contended that she was induced, through fraud and undue influence, to enter into the agreement and thereafter to execute and deliver the quitclaim and warranty deeds. In addition, the appellant charged that the deeds were executed and delivered for the purpose of securing the repayment of money and were, in legal effect, mortgages. At the conclusion of the testimony before the chancellor, the appellant, by ore tenus motion, was permitted to amend her complaint to pray for a declaration that the warranty deed was a mortgage and for an accounting and determination of the amounts due thereon.
The record reveals that the appellant, a widow, was the owner of the subject property which was encumbered by a first and second mortgage. In seeking financial assistance, the appellant entered into an agreement wherein she agreed to convey by quitclaim deed to appellee Dorema Davis the subject property, and in consideration, Dorema Davis agreed to make the first mortgage payments on said property for a period of four months. The agreement further provided that in the event the appellant failed to reimburse the appellee all sums expended pursuant to the agreement, the appellant agreed to convey the subject property by warranty deed without further consideration. In accordance with this agreement, the appellant executed and delivered the quitclaim deed. The appellee Dorema Davis made the payments on the first mortgage as agreed and the appellant continued to pay on the second mortgage.
The appellant testified that the warranty deed was delivered to enable the appellee Dorema Davis to refinance the property through her daughter, appellee Mary V. Davis, and thereby reduce the mortgage payments. After the delivery of the warranty deed, the appellant made weekly rental payments of $20 to reimburse the appellees for the expenses in refinancing the subject property.
The appellee Dorema Davis testified in part as follows:
"Q. Is it not a fact that the reason she gave you the quit-claim deed was to show it was the security for the money you were giving her? A. Well, that is supposed to be, that's right.
"Q. That was the agreement, was it not? A. That is right, yes.
"Q. And is it not also true that in the event Vera did not reimburse you, she was to give you a warranty deed in addition to the quit-claim deed as further evidence of her obligation to you? A. That's right."
After delivery of the warranty deed, Dorema Davis conveyed the property to her daughter, Mary V. Davis, who ultimately succeeded in having the property refinanced and the monthly payments reduced. Thereafter, Mary V. Davis conveyed a one-half interest in the property to her mother, Dorema Davis.
The chancellor found "that the quit-claim deed executed by the plaintiff [appellant] was in fact a mortgage and both parties so agree; that the warranty deed executed by the plaintiff [appellant] was in furtherance of the agreement and that the plaintiff [appellant] purposely parted with the title to the property * * *."
We are not unmindful that the chancellor's findings based upon evidence presented before him should not be lightly *767 set aside by an appellate court, yet when a decree is manifestly against the weight of the evidence, or contrary to and unsupported by the legal effect of the evidence, it then becomes our duty to reverse such decree. Shaffran v. Holness, Fla.App. 1958, 102 So.2d 35. The courts of this state on numerous occasions have held that a deed, although absolute on its face, may be interpreted as a mortgage. See cases collected at 22 Fla.Jur., Mortgages, § 94, n. 13. Further, by the provision of § 697.01, Fla. Stat., F.S.A., all instruments conveying or selling property for the purpose or with the intent of securing the payment of money, shall be deemed and held to be mortgages.
Ultimately the issue to be determined is the intention of the parties. This is done by considering the entire transaction and the circumstances, not merely the agreement and instrument of conveyance itself. Connor v. Connor, 59 Fla. 467, 52 So. 727; Gross v. Hammond, 123 Fla. 471, 167 So. 373; Markell v. Hilpert, 140 Fla. 842, 192 So. 392. See Holmberg v. Hardee, 90 Fla. 787, 108 So. 211; Rosenthal v. LeMay, Fla. 1954, 72 So.2d 289, 44 A.L.R.2d 336; Thomas v. Thomas, Fla. 1957, 96 So.2d 771; and in cases of doubt, the deed should be construed to be a mortgage. Connor v. Connor, supra; Stovall v. Stokes, 94 Fla. 717, 115 So. 828; Marcus v. Hull, 142 Fla. 306, 195 So. 170; and Thomas v. Thomas, supra. An element that must be considered is the distressed circumstances of the appellant as well as the existing relationship of debtor and creditor. See Stovall v. Stokes, supra. In addition, the inadequacy of price is a relative circumstance. See Markell v. Hilpert, supra. In applying the rule in doubtful cases, the law will resolve the doubt as to the intent of the parties in the light of the advantage the creditor always has over the debtor whose property he holds, and will give the debtor the benefit of the doubt and hold his equity of redemption to be still existing. Certainly complete justice is done because the creditor's advances are secured by the debtor's property and the debtor has the opportunity of full redemption by payment.
We have carefully reviewed the record in light of the principles involved and conclude that the chancellor erred in holding that the warranty deed constituted an absolute conveyance of the property rather than a mortgage thereof.
Accordingly, the decree appealed is reversed and the cause is remanded for further proceedings not inconsistent with the views herein expressed.
Reversed and remanded.