SHANNON, Chief Judge.
The appellants were defendants in the court below and appeal from the decree of the chancellor holding that the instrument in controversy was intended as a mortgage and not as a warranty deed.
Reuben J. White, plaintiff below, filed his amended complaint against the defendants and another party seeking to have the chancellor construe a deed of conveyance from the plaintiff to the defendants on January 9, 1959, to be a mortgage lien upon the real property therein described, alleging that it was given by him as security for an obligation paid by the defendants. The plaintiff also sought an accounting.
The appellee was some 68 years of age, uneducated, and from the record, appears to have been quite dependent upon the appellant, Jesse J. Jones, who was his nephew. The appellants maintained that $300.00 which they had paid on behalf of the ap-pellee, together with various other small loans, was the consideration for the deed. From the appellee’s brief, taken from the record, there appears this statement:
“ * * * That subsequent to the Three Hundred and °%oo Dollars ($300.- *2 00) obligation being incurred by appel-lee to appellant, appellee, at the office of Herbert Cherry, a negro notary public, executed a warranty deed, plaintiff’s Exhibit 3, prepared by the said Herbert Cherry, and delivered the same to appellants, * * * that at the time of the execution and acceptance of said deed by appellants, appellant by his own admission well knew the property was worth far more than Three Hundred and oaioo Dollars ($300.00), and that said Exhibit 3 contained thirteen negro lots, one of which was subsequently sold by appellants for Seven Hundred Seventy-five and 00ioo Dollars ($775.00) * * * that in fact the reasonable market value of the real property in plaintiff’s Exhibit 3 on January 9, 1959, was 'Eleven Thousand One Hundred Fifty and °94oo Dollars ($11,150.00), and that the assessed value of the same for county tax purposes was Twelve Thousand Eight Hundred and °%oo Dollars ($12,800.00), and for city tax purposes, Seven Thousand and °%oo Dollars ($7,000.00).”
Considerable evidence was taken below and that portion regarding the issue of whether or not the instrument was in fact a mortgage and not a deed is in conflict. After hearing the testimony, the chancellor resolved this conflict in favor of the appel-lee. His decision finds sufficient support in the record and will be affirmed. Cole v. Cole, Fla.App.1961, 130 So.2d 126; Pergament v. Pergament, Fla.App.1959, 117 So.2d 26.
This litigation was commenced on authority of Chapter 697.01, Fla.Stat., F.S.A., which reads, in part, as follows :
“All conveyances, obligations conditioned or defeasible, bills of sale or other instruments of writing conveying or selling property, either real or personal, for the purpose or with the intention of securing the payment of money, whether such instrument be from the debtor to the creditor or from the debtor to some third person in trust for the creditor, shall be deemed and held mortgages, and shall be subject to the same rules of foreclosure and to the same regulations, restraints and forms as are prescribed in relation to mortgages.”
Pursuant to this statute, or even in the absence of a statute, equity will look at and take into consideration all the facts and circumstances surrounding the transaction and will decree an instrument to be a deed or mortgage according to the real intentions of the parties. The case of Markell v. Hilpert, 1939, 140 Fla. 842, 192 So. 392, contains a very apt piece of phraseology:
“ * * * The court looks at substance rather than form, makes inquiry and hears evidence beyond the terms of the instrument to the very heart of the transaction so as to determine the intent of the parties and all admissible evidence bearing upon this broad equitable principle is received * *
The question was before the Supreme Court in Thomas v. Thomas, Fla. 1957, 96 So.2d 771. In his opinion for the court, Mr. Justice Roberts said:
“In deciding the question of whether a deed is, in fact, a mortgage, the court ‘may take into consideration the paper itself, or the instrument in connection with contemporaneous writings or agreements concerning the subject matter, or by the aid of extraneous evidence which will determine the decision of the question. The attitude of the parties relative to the conveyance after its execution may also be considered.’ * * * ”
The appellee has filed herein a motion to correct a clerical error in the record. From his motion it appears that the description of one lot should be “Lot 7, Block 11, Tier 15," rather than “Lot 7, Block 11, Tier 11,” as described in the chancellor’s decree. The motion is granted and it is directed that the record be corrected to reflect the description we have set out above. The appellee’s motion to dismiss the appeal, *3 ruling on which was deferred until a ruling on the merits, be and the same is hereby denied.
Affirmed.
WHITE, J., and WILLIS, BEN C, Associate Judge, concur.