**In the Matter of F & M ENTERPRISES, INC., Debtor.**

**Helen COSTELLO, Plaintiff,**

v.

**F & M ENTERPRISES, INC., Defendant.**

**Bankruptcy No. 81–2183.
Adv. No. 82–193.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Oct. 11, 1983.

Larry M. Foyle, Kass, Hodges & Massari, Tampa, Fla., for defendant.

Larry Segall, Straske, Farfante, Segall & Arcuri, P.A., Tampa, Fla., for plaintiff.

FINDINGS OF FACT, CONCLUSIONS OF LAW AND MEMORANDUM OPINION

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 11 business reorganization case and the matter presently under consideration is an adversary proceeding originally filed by the Plaintiff, Helen Costello (Mrs. Costello), against the Defendant, F & M Enterprises, Inc. (F & M, Inc.) in the Circuit Court in and for Sarasota County, Florida. The Defendant, who is the Debtor in the above-styled Chapter 11 case, removed the case to this Court pursuant to 28 U.S.C. § 1478(a).

This controversy arose out of a series of real estate transactions between the Plaintiff and Defendant involving real property located in Manatee County, Florida.

The Debtor corporation, F & M Enterprises, Inc. (F & M, Inc.) was engaged in the business of buying, renovating, leasing and selling distressed properties. A non-debtor partnership, F & M Enterprises (F & M) had a mortgage brokerage license and was in the business of loaning money secured by mortgages. Jack Foster, with whom the Plaintiff dealt in the subject transactions, is a partner in F & M and a principal in F & M, Inc.

The Plaintiff, Mrs. Costello, has substantial real estate holdings and has a personal net worth of approximately $1.4 million (Def.Exh. # 1). Despite the Plaintiff's apparently secure financial situation at the time of the transaction between the parties to this controversy, the mortgage on the subject property was in default and a foreclosure sale had been scheduled. In order to save the subject property, the Plaintiff contacted Jack Foster and as a result of this negotiation, executed a series of documents whereby she conveyed the subject property to F & M, Inc.

It is the contention of Mrs. Costello that these transactions, although having the appearance of conveyance, in reality constituted a loan secured by a mortgage on the subject property. Mrs. Costello seeks an order construing the relevant documents as a mortgage on the real estate pursuant to Florida Statute § 697.01 in order to reflect what she contends was the mutual intent of the parties at the time of the transaction. Alternatively, she contends that Jack Fos-

ter, on behalf of F & M, Inc. obtained her signature on the conveyance documents by fraud, trickery, device or other improper means. Mrs. Costello also seeks injunctive relief prohibiting the Defendant from representing to others that it is the owner of the subject property and further alleges slander of title and that the transaction was a usurious loan transaction.

The relevant documents include a warranty deed, an agreement for deed, a letter of understanding and a quit claim deed. The Warranty Deed (Pl's Exh. # 4) from Mrs. Costello as grantor to F & M as grantee is dated September 25, 1980 and was recorded in the public records of Manatee County, Florida on the same day.

The Agreement for Deed (Pl's Exh. # 5) between F & M as seller and Mrs. Costello as buyer is dated September 26, 1980, but was not recorded until October 22, 1980. The Agreement for Deed provided that F & M could repurchase the subject property for $68,000 plus interest at the rate of 15% per annum payable on September 28, 1981. It further provided that Mrs. Costello had the right to go into possession of the subject property upon execution of the Agreement and Mrs. Costello was liable for insurance, taxes and maintenance on the subject property. There was no provision for monthly payments by F & M to Mrs. Costello.

A Letter of Understanding (Pl's Exh. # 9) signed by Mrs. Costello and by Jack T. Foster on behalf of F & M Enterprises, Inc., dated September 14, 1981 provides that Mrs. Costello agrees to quit claim her rights in the subject property in exchange for a Repurchase Option for $110,000. The Quit Claim Deed (Pl's Exh. # 6) is dated September 26, 1981 and was recorded on October 28, 1981.

There is no disagreement between the parties that the market value of the subject property is at least $191,700. F & M contends that Mrs. Costello was offered only $58,000 for the property because, in the opinion of Jack Foster, the property would have brought only between $50,000 and $70,000 at foreclosure sale. The amount actually paid for the property is disputed; Mrs. Costello contends she received $48,838.56 only; F & M contends that it paid $58,000 to or at least on behalf of Mrs. Costello. F & M further contends that as part of the consideration, Mrs. Costello received an "Agreement for Deed" under which she had the right to occupy the premises for a year without cost, and was also granted a one year option to repurchase the subject property for $68,000 plus interest.

Considering the respective contentions of the parties, seriatim, the initial inquiry must be addressed to the question whether or not the relevant documents shall be accepted for what they are purported to be or should be construed as a mortgage to reflect the intent of the parties pursuant to Florida Statutes § 697.01 which provides as follows:

"697.01. Instruments deemed mortgages—

(1) All conveyances, obligations conditioned or defeasible, bills of sale or other instruments of writing conveying or selling property, either real or personal, for the purpose or with the intention of securing the payment of money, whether such instrument be from the debtor to the creditor or from the debtor to some third person in trust for the creditor shall be deemed and held mortgages, and shall be subject to the same rules of foreclosure and to the same regulations, restraints and forms as are prescribed in relation to mortgages.

Section 697.01(1), Florida Statutes (1981).

Whether a deed, or deed with a repurchase option, which is absolute on its face should be declared a mortgage under this statute depends on the particular facts. *Markell v. Hilpert,* 140 Fla. 842, 192 So. 392 (1940); *Stevens v. Edwards,* 112 F.2d 534 (5th Cir.1940) cert. den. 311 U.S. 678, 61 S.Ct. 45, 85 L.Ed. 437 (1940). In resolving this factual issue, courts will look beyond the terms of the documents themselves in order to determine the real intent of the parties at the time of the transaction. *Jones v. White,* 144 So.2d 1, 2 (Fla. 2d DCA 1962) (citing *Thomas v. Thomas,* 96 So.2d

771 (Fla.1957); *McLendon v. Davis,* 131 So.2d 765, 767 (Fla. 3d DCA 1961).

█ Factors which have been considered to be relevant include the distressed circumstances, if any, of the owner of the property; the relationship between the grantor and the grantee, and the inadequacy of the price. *McLendon v. Davis, supra* at 767. These factors, particularly in conjunction with a contemporaneous agreement to reconvey, strongly indicate that the transaction was, in fact, a mortgage. *Cary & Co. v. Hyer,* 91 Fla. 322, 107 So. 684 (1926). However, where the deed is conveyed to satisfy a debt, and the conveyance extinguishes the debt, an agreement to reconvey upon payment of additional consideration does not convert the transaction into a mortgage. *Holmberg v. Hardee,* 90 Fla. 787, 108 So. 211 (1926). The party contending that a transaction, which on its face appears to be a conveyance, should be deemed to be a mortgage pursuant to Florida Statute § 697.01 has the burden of establishing the intent of the parties by a preponderance of the evidence. *Barr v. Schlarb,* 314 So.2d 609, 611 (Fla. 1st DCA 1975).

Applying the above general principles to the particular facts in the controversy presently under consideration, this Court concludes as follows:

█ At the time of the transaction, Mrs. Costello was about to lose the subject property on a foreclosure sale. There is no doubt that she was experiencing "distressed circumstances" at least with respect to this particular property. In sum, there is no doubt that she was land rich, but cash poor. However, viewing the totality of her circumstances, she was not suffering generally from "distressed circumstances" at the time she conveyed the subject property to F & M, Inc. inasmuch as she had substantial real estate holdings and had a personal net worth of approximately $1.4 million.

Next, considering the relationship between the parties, it is clear that the parties had no dealing with each other prior to the transaction at issue. There was no conten-tion that F & M owed a fiduciary duty to Mrs. Costello and it is likewise clear that no family relationship existed between the parties. cf. *McLendon v. Davis, supra.*

Moreover, it is without dispute that the fair market value of the subject property was, at the time relevant, $191,700. It is further without dispute that Mrs. Costello, in exchange, received between $48,838 and $58,000; the right to occupy the premises for a year at no cost, and a one-year option to repurchase the property for $68,000. Had Mrs. Costello exercised her repurchase option, which she was financially able to do, the consideration received by her clearly would have been adequate. The adequacy of consideration is to be viewed as of the date of the transaction and not in retrospect, which in this case indicates that the parties intended the transaction to be a conveyance in deed rather than a loan transaction.

█ While a contemporaneous agreement to reconvey indicates a mortgage, *Cary & Co. v. Hyer, supra,* a conveyance which extinguishes the debt, even if accompanied by an agreement to reconvey upon payment of additional consideration does not. *Holmberg v. Hardee, supra.* There is no doubt that in the present case, the debt did not survive the transfer of deed and the presence of the repurchase option, therefore, does not indicate a mortgage.

In light of the foregoing, the Court is satisfied that the Plaintiff failed to meet her burden of proving by a preponderance of the evidence that both parties intended the transaction to be a mortgage rather than a conveyance as required to apply Florida Statutes § 697.01.

█ This leaves for consideration the alternate contention of Mrs. Costello that F & M obtained her signature on the warranty deed, agreement for deed and the quit claim deed by fraud, misrepresentation, trickery, device or other improper means. It is clear that one who alleges fraud has the burden of establishing this claim by clear and convincing evidence. *Canal Authority v. Ocala*

*Manufacturing, Ice and Packing Co.,* 332 So.2d 321 (Fla.1976).

 It is the contention of Mrs. Costello that Jack Foster, the principal of F & M persuaded her not to bring an attorney to the meeting; that he assured her that her signature on the various documents was needed only to secure a loan on her behalf using her real property as collateral; that Jack Foster failed to provide an opportunity for her to examine the documents she was signing; and lastly, Jack Foster failed to provide her with copies of the documents.

In addition, Mrs. Costello contends that she at all times sought to procure a loan, and that Jack Foster misrepresented the transaction only as a loan and mortgage and not as a conveyance. The Court is satisfied that the manner in which F & M and F & M, Inc. conducted their respective business was easily conducive to lead to misunderstanding by a non-sophisticated person.

In order to meet her burden of proof Mrs. Costello had to demonstrate by clear and convincing evidence that the principal of F & M intended to deceive her and that she was, in fact, deceived. The documents signed by Mrs. Costello were clearly titled "Warranty Deed" (Pl's Exh. # 4), "Agreement for Deed" (Pl's Exh. # 5), and "Quit Claim Deed" (Pl's Exh. # 6). Even though she was not directly engaged in real estate transactions for several years prior to the subject transaction, the Court is satisfied that considering her knowledge and experience, she knew the important meaning of the documents she was signing. This conclusion is further supported by the Affidavit filed by her in the public records of the County of Sarasota describing her interest in the subject property as a "right to repurchase." (Df's Exh. # 3).

In light of the foregoing, this Court is satisfied that Mrs. Costello was not the victim of intentional fraud, misrepresentation, trickery or device and F & M did not obtain the documents by improper means.

Inasmuch as the Court is satisfied that the subject transaction was, in fact, a conveyance of real property, the other issues raised by the Plaintiff, i.e. injunction, slander of title and usury, are moot and as such shall be denied.

A separate final judgment will be entered in accordance with the foregoing.