553 So.2d 1361 (1989)
Nicholas D. ATHANS, Appellant,
v.
James B. SOBLE, Individually, and Taub & Williams, a Professional Association, Appellees.
No. 88-03236.
District Court of Appeal of Florida, Second District.
December 20, 1989.
*1362 Alan R. Horky and Jos. D. Farish, Jr. of Farish, Farish & Romani, West Palm Beach, for appellant.
John C. Briggs of Fisher, Rushmer, Werrenrath, Keiner, Wack & Dickson, P.A., Orlando, for appellees.
RYDER, Judge.
Nicholas Athans attacks a final summary judgment in which the trial court granted appellees Soble and Taub & Williams' motion for summary judgment in appellant's action against them for legal malpractice. We reverse and remand.
In 1984, appellant's daughter, Irene Nickitas, retained the law firm of Taub & Williams to assist her in the rezoning and sale of a parcel of real property. Appellant owned the property, but lived in Chicago. From 1984 until early 1986, James Soble, an attorney in the firm of Taub & Williams, advised Nickitas concerning legal matters involving the sale of the property. All communications with the law firm concerning the proposed sale of the property was conducted by Irene Nickitas.
In July of 1985, a potential buyer for the property was found. On July 8, 1985, appellant executed the sales contract as "Seller." The sales contract also stated that any notice or demand intended for the "Seller" was to be addressed to "Nicholas Athans c/o Irene J. Nickitas" at a Tampa address. Soble served as escrow agent for the proposed buyer's deposit, which was in the form of three irrevocable letters of credit in favor of "Nicholas D. Athans c/o Irene Nickitas" at the same Tampa address. Subsequently, the sale failed to close. Appellant lost the potential buyer's deposit, which is the basis of the malpractice action but which we need not discuss further to resolve the issue before us.
In defense to appellant's malpractice suit over the lost deposit, one of appellees' argument was that their client was Irene Nickitas rather than appellant, therefore, there was no privity of contract upon which appellant could maintain a malpractice action. In granting final summary judgment in favor of appellees on this issue, the trial judge ruled that appellant did not retain appellees as his attorneys, as was alleged in his complaint, but that appellees had been retained by appellant's daughter, therefore, appellant lacked privity of contract.
The record contains the deposition of James Soble. Mr. Soble stated that Mr. Taub asked him to assist Irene Nickitas in a real estate transaction. When opposing counsel asked Mr. Soble if he was acting in Ms. Nickitas' behalf, he answered that he did not know how to respond to that question. When Mr. Soble was then asked who owned the property, he answered, "Nicholas Athans." When asked if Ms. Nickitas was acting for appellant, Mr. Soble answered, "I presume that she was." Additionally, the record contains a letter sent by Mr. Soble to counsel for the proposed buyer regarding the irrevocable letters of credit which references "Landmark Suites of America  Purchase from Nicholas Athans."
In considering a motion for summary judgment, the court must draw every possible inference in favor of the nonmoving party. Moore v. Morris, 475 So.2d 666, 668 (Fla. 1985). If the evidence permits different reasonable inferences, it should be submitted to the jury as a question of fact. Id. Where the record reflects the possibility or slightest doubt that an issue exists, *1363 summary judgment is improper. Gomes v. Stevens, 548 So.2d 1163, 1164 (Fla.2d DCA 1989). Appellees had the burden of proving there was no issue of material fact. Id. However, in this case, there is abundant record evidence to support appellant's argument that appellees knew that appellant, not Irene Nickitas, was owner and seller of the property and that the legal services they rendered were on his behalf. Therefore, clearly there is an issue of material fact which precludes summary judgment.
Additionally, we reject appellees' argument that Nicholas Athans did not have standing to bring this action. On the prospective closing date he had the power, right and ability to convey all interest in the property to the sellers.
Reversed and remanded for proceedings consistent with this opinion.
SCHEB, A.C.J., and SCHOONOVER, J., concur.