RYDER, Acting Chief Judge.
John Stroud, by his mother and legal guardian, Pennelope Schuette, seeks review *647 of a summary final judgment entered against him in his negligence action against the driver and owner of a pickup truck which collided with him while he was crossing Ulmerton Road. There were several witnesses to the accident. Given the number of witnesses and their testimony in the record, we conclude that the question of whether the driver exercised reasonable care under the circumstances was not conducive to resolution by summary judgment, and, therefore, we reverse and remand for a jury resolution of the lawsuit.
The incident occurred between 2:30 p.m. and 3:00 p.m. on a clear, sunny day. At the intersection of Ulmerton Road and 38th Street, Ulmerton Road has five westbound lanes: one right turn lane, three through lanes and one left turn lane. It is a busy, median-divided thoroughfare in Largo, Florida. The traffic was heavy; cars and trucks, backed up at the intersection, were waiting for a red light. The left turn light was green, and some traffic in the left turn lane had already progressed through the intersection. The driver had turned onto Ulmerton Road one-quarter mile from the intersection. He was traveling in the left turn lane and attempting to make the turn light to make a u-turn when he collided with the appellant. Witnesses testified that the appellant waited at the right side of the roadway before attempting to cross, then zigzagged across in a diagonal direction. Drivers in the right through lane and the left through lane observed the appellant watch for traffic and proceed across the lanes; they had no trouble seeing him. The appellant had proceeded across all but the left turn lane and was approximately ninety feet from the intersection when he started across the left turn lane. As the appellant stepped into the left turn lane, he was struck by the appellees’ pickup truck traveling at about thirty miles per hour. The appellant struck the truck’s windshield post. Neither the driver of the pickup truck, nor his two passengers saw the appellant prior to the impact.
In reviewing a ruling on summary judgment, we must view all of the facts and inferences in the light most favorable to the nonmoving party. Athans v. Soble, 553 So.2d 1361, 1362-63 (Fla. 2d DCA 1989). The moving party must demonstrate conclusively that the nonmoving party cannot prevail. Wilson v. Woodward, 602 So.2d 547, 549 (Fla. 2d DCA 1992). Negligence is typically a jury issue. Moore v. Morris, 475 So.2d 666, 668 (Fla.1985). Questions regarding reasonable care are issues upon which reasonable people could disagree, and, therefore, they are questions which should be resolved by a jury. Spadafora v. Carlo, 569 So.2d 1329, 1331 (Fla. 2d DCA 1990).
There is record support for what the driver may or should have seen. Other drivers saw the appellant watching for traffic and crossing the road. One eyewitness gave the opinion that the driver was traveling too fast and not paying attention. The appellant had already crossed four lanes of traffic at the time of the collision.
The appellees rely in part on “darting out” cases where, typically, no witnesses observed the pedestrian, Preger v. Gomory, 55 So.2d 541 (Fla.1951); Douglas v. Hackney, 133 So.2d 301 (Fla.1961), or a sole witness saw the incident and knew that the impact was about to take place. Griffis v. Du Bow, 114 So.2d 207 (Fla. 1st DCA 1959). As in Nelson v. Ziegler, 89 So.2d 780 (Fla.l956)(en banc), the record here shows that there is some proof that could allow a jury to conclude that the appellant’s perilous position in the street would or should have been known to the appellee in time for him to have avoided the injury if he had been keeping a proper lookout and, therefore, the proximate cause of the appellant’s injuries could have been the appellee’s failure to exercise reasonable care and caution. The appellant’s presence in the roadway for an extended period of time could give rise to a conclusion that both the appellant and the appellee had been in the roadway a sufficient period of time for each to have seen the other. See Gardella v. Stone, 507 So.2d 1228 (Fla. 5th DCA 1987).
We, therefore, conclude that the trial court erred in granting summary final judgment for the appellees, and reverse and remand for further proceedings.
FULMER and WHATLEY, JJ., concur.