700 So.2d 416 (1997)
Neil A. VALK, Appellant/Cross-Appellee,
v.
J.E.M. DISTRIBUTORS OF TAMPA BAY, INC., and KWPH, Inc., Appellees/Cross-Appellants.
No. 96-02315.
District Court of Appeal of Florida, Second District.
September 26, 1997.
*417 Jawdet I. Rubaii, Clearwater, for Appellant.
Buddy D. Ford, Tampa, for Appellees.
NORTHCUTT, Judge.
Neil A. Valk claimed to own a leasehold on office space that was subleased to J.E.M. Distributors of Tampa Bay, Inc., in a building owned by KWPH, Inc. He sued to evict J.E.M. Distributors and to obtain a declaration of his rights under his lease agreement. In this appeal, Valk challenges both the trial court's denial of his motion for partial summary judgment and a final summary judgment for KWPH. KWPH cross-appeals the trial court's refusal to award it attorney's fees. Because we agree with Valk that there is a factual dispute as to whether the subject lease agreement was, in fact, a mortgage as opposed to a lease, we reverse the summary judgment in favor of KWPH. With the exception of paragraph (18), we affirm the trial court's order denying Valk's motion for partial summary judgment but striking KWPH's res judicata defense. We reverse paragraph (18) of that order, which held that KWPH was a subsequent purchaser of the property for valuable consideration and without notice of Valk's leasehold interest. We affirm the trial court's denial of attorney's fees to the KWPH.
Valk, a real estate broker for Corporate Investment Advisors, Inc., obtained a tenant for a shopping center in Palm Harbor, Florida. Under the terms of the listing agreement, *418 Corporate Investment was to receive its commission either in an immediate $50,000 lump-sum payment or in annual installments totaling approximately $120,000. The landlord for whom the lease was obtained, Gorrow Development Corporation (GDC), elected to pay by installments. GDC almost immediately defaulted on its obligation. Unable to pay Corporate Investment in cash, GDC instead negotiated to pay part of its obligation by giving Corporate Investment a long-term lease on office space in one of GDC's buildings.
Corporate Investment and GDC agreed to the alternative payment arrangement on February 27, 1991, and the lease was recorded. On April 2, 1991, Corporate Investment assigned the leasehold to Valk, individually, in consideration for his services. Shortly thereafter, GDC's principal, Charles Gorrow, found a tenant for the premises, and obtained permission from Valk to sublease them.
Subsequently, GDC and Gorrow, individually, sought bankruptcy protection under Chapter 11. During the bankruptcy, the Resolution Trust Corporation seized control of one of GDC's creditors, and was substituted as the plaintiff in a state court action to foreclose an outstanding mortgage on the parcel that contained the office space leased to Valk. Eventually, GDC and the RTC reached a settlement under which GDC was to seek relief from the automatic stay provisions of the bankruptcy code to permit the RTC to foreclose its mortgage in the state court action. GDC also agreed to assign all the outstanding leases relating to the property to the RTC.
The foreclosure never took place; rather, GDC simply surrendered the property to the RTC by deed in lieu of foreclosure. In its order confirming GDC's reorganization plan, the bankruptcy court incorporated the settlement agreement by reference, and recited that the subject parcel was to be transferred to the RTC free and clear of all liens and encumbrances.
The RTC later conveyed the property to another entity by special warranty deed subject to all encumbrances of record. That entity sold the property to KWPH, which had been formed by Gorrow and several others for the purpose of obtaining the property.
Valk subsequently filed the instant action. In due course, he filed a motion to strike or for partial summary judgment as to KWPH's affirmative defenses. KWPH moved for summary judgment in its favor on Valk's claim.
In its order on Valk's motion, the trial court recited a variety of undisputed facts, and correctly concluded that, with one exception, the facts did not preclude KWPH's ability to prove its affirmative defenses at trial. The exception was KWPH's defense of res judicata premised on the bankruptcy proceedings. In that regard, the trial court noted that the bankruptcy proceeding and the instant action lacked the requisite identity of the thing sued for, identity of the cause of action, identity of parties, and identity of the quality in the person for or against whom the claim was made. See Albrecht v. State, 444 So.2d 8 (Fla.1984). The court struck the res judicata defense, but otherwise denied Valk's motion for partial summary judgment.
We agree with and approve those rulings, but disagree with another aspect of that order which is interrelated with our review of the final summary judgment in favor of KWPH. Among the facts recited in the order denying Valk's motion for partial summary judgment was that the assignment of the lease to Valk had never been recorded. In paragraph 16 of the order, the court quoted section 697.01, Florida Statutes (1995), to the effect that written instruments conveying or selling property for the purpose or with the intention of securing the payment of money are deemed to be mortgages, subject to the same rules of foreclosure:
(2) Provided, however, that no such conveyance shall be deemed or held to be a mortgage, as against a bona fide purchaser or mortgagee, for value without notice, holding under the grantee.
In the next paragraph of the order the court quoted section 701.02, Florida Statutes (1995), subsection (1) of which provides that no assignment of a mortgage is effective against creditors "or subsequent purchasers, for valuable consideration, and without notice" *419 unless the assignment is recorded. The order then recited that KWPH had obtained the office building property by special warranty deed from the entity that had purchased it from the RTC, and concluded that "[t]herefore, Defendant KWPH, Inc. is a subsequent purchaser for valuable consideration and without notice of Neil Valk's assignment."
That finding was erroneous, both for its expressed assertion and for its implied premise. As to the first, the undisputed facts in the record did not conclusively demonstrate that KWPH bought the property without notice of Valk's ownership of the lease. Certainly KWPH was aware of the lease itself. The deed by which it took ownership of the property excepted the leasehold from any warranties of title. Two of KWPH's principals, Gorrow and a man named Scott Spoerl, had been principals in GDC when it initially granted the lease, and the record reflected that both were personally aware of it. Moreover, the evidence suggested that KWPH was aware that the lease had been assigned to Valk. When GDC had sought the creditors' approval of its reorganization plan in the bankruptcy proceeding, Gorrow had dealt with Valk personally to assure him that his rights under the lease agreement would not be affected.
"In reviewing a ruling on summary judgment, we must view all of the facts and inferences in the light most favorable to the nonmoving party. Athans v. Soble, 553 So.2d 1361, 1362-63 (Fla. 2d DCA 1989). The moving party must demonstrate conclusively that the nonmoving party cannot prevail. Wilson v. Woodward, 602 So.2d 547, 549 (Fla. 2d DCA 1992)." Stroud by Schuette v. Strawn, 675 So.2d 646, 647 (Fla. 2d DCA 1996).
Here, we agree with the trial court that under that standard, Valk, the moving party, was not entitled to summary judgment on KWPH's defenses other than the res judicata defense. But neither did the undisputed facts conclusively support the trial court's finding that KWPH had no notice of the assignment to Valk.
The same is true of the premise for that finding, i.e., that under section 697.01 Valk's lease was, in fact, a mortgage. That conclusion, implicit in the order on Valk's motion for partial summary judgment, became the underpinning of the trial court's subsequent order granting summary judgment to KWPH.
In the latter order, the trial court emphasized that the bankruptcy court's order confirming GDC's plan of reorganization directed that its transfer of the property to the RTC would be free of all liens and encumbrances. The trial court declared that "Plaintiff's Lease would be defined as an encumbrance." Therefore, the court ruled, the property was conveyed to the RTC, and eventually to KWPH, free of Valk's leasehold. Because Valk's lease was, in the trial court's words, "cancelled by the bankruptcy court", the court held that KWPH was entitled to summary judgment.
Again, the underlying premise for the trial court's conclusion was that Valk's lease must be treated as a mortgage by virtue of section 697.01, for if it was truly a lease it would not have been extinguished by the bankruptcy court's order. Instead, it would have been included among the leases assigned to the RTC under the settlement agreement that was incorporated by reference in the bankruptcy court's order. Indeed, the plan of reorganization provided that "[e]xecutory contracts consisting of the present leases shall be deemed assumed as of the effective date of the Plan."
Whether a conveyance should be declared a mortgage under the statute depends on the particular facts, and, as the statute provides, is a question of the parties' intent. See Matter of F & M Enterprises, Inc., 34 B.R. 211 (Bankr.M.D.Fla.1983). "In resolving this factual issue, courts will look beyond the terms of the documents themselves in order to determine the real intent of the parties at the time of the transaction." 34 B.R. at 213. "[E]quity will look at and take into consideration all the facts and circumstances surrounding the transaction and will decree an instrument to be a deed or mortgage according to the real intentions of the parties." Jones v. White, 144 So.2d 1, 2 (Fla. 2d DCA 1962).
*420 None of the cases cited by KWPH in this regard addressed the question in the context of a summary judgment motion. See First Mortg. Corp. of Stuart v. DeGive, 177 So.2d 741 (Fla. 2d DCA 1965); May v. U.S. Leasing Corp., 239 So.2d 73, 75 (Fla. 4th DCA 1970). At a trial, the burden would be on KWPH to prove by a preponderance of the evidence that the parties intended a mortgage, rather than a lease. F & M Enterprises, 34 B.R. 211 at 214; Barr v. Schlarb, 314 So.2d 609, 610-11 (Fla. 1st DCA 1975). But when moving for summary judgment, KWPH bore the burden to show that the undisputed facts conclusively proved that such was the case. Stroud, 675 So.2d at 647 (emphasis supplied).
A plethora of evidence in the record below contradicted the trial court's conclusion that the parties intended the lease as security for the payment of Corporate Investment's commission, rather than as payment itself. We need not detail it all, but we note that the agreement on its face described itself as a lease. Consistent with Valk's assertion that it was given in satisfaction of a debt, it contained no provision for his payment of rent. But its other provisions were consistent with those commonly found in commercial leases, including the tenant's right of occupancy.
Beyond that, the record reflected that in the bankruptcy proceedings both Valk and GDC treated his claim as unsecured. And the parties' depositions reflected that Gorrow had given Valk assurances that GDC's proposed plan of reorganization would preserve his rights under the lease. All of that was inconsistent with KWPH's later claim, and the trial court's finding, that the parties intended the lease to serve merely as security for the payment of money. We conclude that the existence of material, disputed facts precluded the entry of summary judgment in KWPH's favor.
Our ruling moots KWPH's cross-appeal on the attorney's fee issue. But, in any event, the trial court correctly denied the claim because KWPH's failure to plead for attorney's fees constituted a waiver of the claim. Stockman v. Downs, 573 So.2d 835 (Fla.1991).
Accordingly, we reverse the summary final judgment rendered in favor of KWPH. We affirm in part and reverse in part the order on Valk's motion for partial summary judgment. We affirm the trial court's denial of attorney's fees to KWPH, and find no merit in the other points raised by the parties in their briefs.
Reversed in part; affirmed in part; and remanded for further proceedings.
BLUE, A.C.J., and QUINCE, J., concur.