PER CURIAM.
Tampa Port Authority appeals a summary final judgment entered against it on a breach of contract action brought by NES International, Inc. We reverse because the contract between these parties, requiring the Port to pay for computer software purchased from NES as well as an additional amount for services, is ambiguous. The term “Estimated Services and Training Investment” is susceptible of more than one meaning and creates a genuine issue of material fact as to the parties’ intent.
Upon review of a summary judgment, this court is required to consider all facts and inferences in the light most favorable to the non-moving party. Further, the moving party must demonstrate conclusively that the non-moving party cannot prevail. See Valk v. J.E.M. Distributors of Tampa Bay, Inc., 700 So.2d 416, 419 (Fla. 2d DCA 1997). Here, our thorough review of the record has convinced us that *242 NES has not sustained its heavy burden. See Wilson v. Woodward, 602 So.2d 547, 549 (Fla. 2d DCA 1992).
Reversed and remanded.
PARKER, A.C.J., and CASANUEVA and DAVIS, JJ., Concur.