787 So.2d 177 (2001)
Arthur A. SHAFRAN, Appellant,
v.
Jon D. PARRISH and Parrish & Moore, P.A., Appellees.
No. 2D00-1870.
District Court of Appeal of Florida, Second District.
May 11, 2001.
*178 Jeffrey D. Fridkin and Jacqueline J. Buyze of Grant, Fridkin, Pearson, Athan & Crown, P.A., Naples, for Appellant.
Jeffrey D. Kottkamp and Michael A. Pohl of Henderson, Franklin, Starnes & Holt, Fort Myers, for Appellees.
CASANUEVA, Judge.
Following receipt of a letter from appellee Jon D. Parrish, Esq., a member of the appellee law firm Parrish and Moore, P.A., appellant Arthur A. Shafran sued both appellees alleging that the letter contained defamatory statements about Mr. Shafran. The trial court entered a summary final judgment against Mr. Shafran and he appealed. We conclude that the summary final judgment was improperly granted and reverse.
Mr. Shafran contended that certain portions of Mr. Parrish's April 22, 1997, letter were defamatory. The relevant parts of the letter stated as follows:

*179 We have also received a copy of your letter dated April 18, 1997 concerning your purported termination of [our client] as the general contractor on [certain projects] ... and your demands concerning [our client's] resignation and divestment of his interest in [your joint corporation].
In response to the latter, we are forwarding a copy of your correspondence to the State Attorney by copy of this letter for investigation and prosecution for criminal extortion under Florida Statutes § 836.05, a felony of the second degree punishable by a prison term of up to fifteen (15) years and a fine of up to $10,000. We are appalled by your brazen and illegal attempt to threaten to destroy our client's integrity and livelihood unless he divests himself of his one-third interest in [your joint corporation]. Clearly, your actions are criminal regardless of whether or not your accusations are untrue....
. . . .
In addition, you have removed (we hesitate to say stolen) several items and valuable documents unrelated to [the joint corporation] which clearly do not belong to you....
The letter also listed three addressees in addition to Mr. Shafran and showed that copies went to six additional persons, including a Mr. Ken Kidd and the State Attorney.
Florida Rule of Civil Procedure 1.510 authorizes summary judgment in those instances where the record demonstrates both the absence of a genuine issue of material fact and the moving party's entitlement to judgment as a matter of law. When affidavits are filed to establish the factual basis of the motion, they must be made on personal knowledge, demonstrate the affiant's competency to testify, and be otherwise admissible in evidence. As the moving parties, the appellees had to demonstrate conclusively that the nonmoving party, Mr. Shafran, could not prevail. See Tampa Port Auth. v. NES Int'l, Inc., 756 So.2d 241 (Fla. 2d DCA 2000); Valk v. J.E.M. Distrib. of Tampa Bay, Inc., 700 So.2d 416, 419 (Fla. 2d DCA 1997). This is a heavy burden, Wilson v. Woodward, 602 So.2d 547, 549 (Fla. 2d DCA 1992), and our review of the record has convinced us that the appellees have not carried that burden.
When a statement charges a person with committing a crime, the statement is considered defamatory per se. Richard v. Gray, 62 So.2d 597, 598 (Fla. 1953). Certain language in the letter, "your actions are criminal" or "we are forwarding a copy of your correspondence to the State Attorney by copy of this letter for investigation and prosecution for criminal extortion," would permit the trier of fact to conclude the letter charged Mr. Shafran with a crime. Other language in the letter might also be considered defamatory per se.
The primary argument that the appellees made to support summary judgment was that the letter was not published. Without publication, a defamatory statement is not actionable. Publication requires that the allegedly defamatory statement be communicated to one other than the person defamed. American Ideal Mgmt., Inc. v. Dale Vill., Inc., 567 So.2d 497, 498 (Fla. 4th DCA 1990). Among those listed on the letter as receiving copies were Mr. Ken Kidd and the State Attorney. Several purported recipients provided affidavits stating that they did not receive the letter. However, the record before the trial court did not conclusively show that Mr. Kidd did not receive the letter. Therefore, the appellees did not establish that they were entitled to a summary judgment based on an undisputed fact of nonpublication. Further, to *180 prove nonpublication to the State Attorney, the appellees relied upon an affidavit by an assistant state attorney. The affidavit was deficient in several respects. It failed to establish a predicate that the affiant was competent to give testimony on behalf of the State Attorney regarding the letter. It failed to show that the affiant possessed a managerial position, or what relevant administrative duties were within his domain, and who or what authorized him to give this testimony in lieu of the State Attorney,[1] indicated the recipient of the letter. Additionally, the affidavit failed to explain why a search of only the affiant's office and files should suffice as proof that the letter had not been received by the State Attorney. Without the appropriate predicate information, the affiant's testimony would not have been admissible at trial and, therefore, could not be a basis for a summary judgment.
Conceding hypothetically that publication was a disputed fact for purposes of summary judgment, the appellees then argued that Mr. Parrish's statements were entitled to immunity as statements made in connection with a judicial proceeding. Such statements are not actionable because they are absolutely privileged. To be afforded this protection, the statements must be made during the course of or be related to a judicial proceeding. Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell v. United States Fire Ins. Co., 639 So.2d 606, 607-608 (Fla.1994). Here, there was no pending judicial proceeding nor can this correspondence be considered, on the face of this record, as constituting a necessary preliminary act to a judicial proceeding. Thus, the absolute immunity doctrine cannot serve as a basis for the summary judgment. Silver v. Levinson, 648 So.2d 240, 244 (Fla. 4th DCA 1994).
Alternatively, the appellees asserted that the statements were qualifiedly immune and, thus, summary judgment was proper. On this issue, the burden of proof still rested with the appellees. Generally, whether a qualified privilege exists is a mixed question of law and fact subject to determination by the trier of fact. Glynn v. City of Kissimmee, 383 So.2d 774, 776 (Fla. 5th DCA 1980). On the rare occasion where the circumstances of the communication are undisputed or the evidence is so clear as to be unquestionable, the question of whether a statement is protected by qualified privilege may be addressed as a matter of law. Thomas v. Tampa Bay Downs, Inc., 761 So.2d 401, 404 (Fla. 2d DCA 2000). Here, the circumstances were not so crystalized so as to resolve this issue as a matter of law. Therefore, the summary judgment cannot be upheld on the basis of qualified privilege.
We reverse the final summary judgment and remand for further proceedings.
WHATLEY, A.C.J., and SILBERMAN, J., concur.
NOTES
[1] As of the writing of this opinion, there has been only one State Attorney in the history of the Twentieth Judicial Circuit, Mr. Joseph P. D'Allesandro. He was not the affiant of the affidavit we discuss.