854 So.2d 672 (2003)
Marcia M. BLANCO, Appellant,
v.
Guillermo I. NOVOA, Appellee.
No. 3D03-1416.
District Court of Appeal of Florida, Third District.
June 25, 2003.
*673 Russo & Kavulich, and Rex Russo, Coral Gables, for appellant.
Duarte, Ariz & Piedra, and George Piedra, and Giorgio L. Ramirez, for appellee.
Before SCHWARTZ, C.J., and RAMIREZ, J., and NESBITT, Senior Judge.
PER CURIAM.
Marcia M. Blanco appeals from a non-final order granting appellee Guillermo I. Novoa's motion to require Blanco to post accrued rent into the registry of the court. We reverse.
Blanco is Novoa's niece. On August 31, 2000, they took joint title to a condominium located in Hialeah, Florida. Novoa purchased the property with his own funds. On September 15, 2000, Blanco and Novoa entered into an agreement whereby Blanco would take possession of the property and pay $740 per month to Novoa, as well as all condominium assessments and property taxes. The parties used a standard landlord-tenant lease form in which the monthly payments to Novoa were called "rent", Blanco was called the "lessee" and Novoa the "lessor." However, the agreement also contained a clause that obligated Novoa to sell the property and Blanco to purchase the property for $89,831.56 in five years. Blanco was in possession of the condominium and made payments from November 1, 2000 until October 1, 2002.
On July 2, 2002, a Quit Claim Deed was recorded which purportedly gave Blanco's half interest in the condominium to Novoa. Blanco claims not to have signed the document. Blanco has not made any of the payments required by the agreement since November 1, 2002. On December 19, 2002, Blanco filed a complaint seeking to cancel the Quit Claim Deed, monetary damages for fraud in the execution of a Quit Claim Deed to real property, and specific performance of the contract for sale of the unit. Novoa counterclaimed for breach of contract and eviction in March, 2003. Novoa then filed a motion to require Blanco to post rent with the registry of the court or be defaulted on the counterclaim for eviction. The trial court granted the motion and ordered Blanco to deposit $5,180.00 into the court registry within fifteen days of the order or waive any defenses to the eviction. The deadline was twice extended to accommodate this appeal.
The trial court construed the agreement between Blanco and Novoa to be a lease and consequently applied the *674 law governing landlords and tenants. For a tenant to contest an eviction action, any defense other than payment requires the tenant to deposit accrued rent and any rent which accrues during the pendency of the proceeding into the court registry. See § 83.60(2), Fla. Stat. (2003). The trial court erred by requiring Blanco to deposit payments into the court registry because Novoa and Blanco were not simply landlord and tenant, respectively, they shared an equal interest in the property. The agreement provided for monthly payments equal to ten percent interest with the payment of fees and taxes consistent with those a mortgagor would make. Blanco would buy out Novoa's interest in the condominium at the end of five years with a final balloon payment.
The Quit Claim Deed, if genuine, would make them landlord and tenant. However, if it is a forgery, the two are joint tenants. To impose the obligation to pay rent into the registry of the court is to decide the validity of the Quit Claim Deed and provide the remedy before the case is properly adjudicated in court.
Under section 697.01, Florida Statutes (2003), "[a]ll conveyances, obligations conditioned or defeasible, bills of sale or other instruments of writing conveying or selling property ... for the purpose or with the intention of securing the payment of money ... shall be deemed and held mortgages ...." In deciding whether a conveyance should be declared a mortgage under the statute "depends on the particular facts, and as the statute provides, is a question of the parties' intent." Valk v. J.E.M. Distrib., 700 So.2d 416, 419 (Fla. 2d DCA 1997). "[E]quity will look at and take into consideration all the facts and circumstances surrounding the transaction and will decree an instrument to be a deed or mortgage according to the real intentions of the parties." Id. (alteration in original). The substance and not the form is what is critical. Here, the trial court erred by determining that the words "lease" and "rent" controlled when the parties clearly acted not as landlord and tenant, but rather as mortgagor and mortgagee. Thus, the remedy available to Novoa in this case is that of a foreclosure proceeding.
Reversed.