KELLY, Judge.
 

 Mark Maconi Homes of Tampa Bay, Inc., appeals a final summary judgment entered in favor of Steven and Angela C. Keck. Because we conclude that the Kecks did not meet their burden to establish that they were entitled to judgment as a matter of law, we reverse.
 

 Maconi is a homebuilder that owned a single lot in Longleaf, a development in Pasco County. The lot was located in Longleaf Neighborhood Three, a fully developed subdivision within Longleaf. The Kecks purchased the lot and contracted with Maconi to build a residence on it. After Maconi finished building the home, the Kecks sought to rescind the contract alleging that prior to selling them the lot, Maconi had not provided them with a written property report as required by section 1703(c) of the Interstate Land Sales Full Disclosure Act, 15 U.S.C. §§ 1701-1720 (the Act). The Kecks offered to forgo rescission if Maconi would reduce the price of the home by several hundred thousand dollars. Maconi rejected the Kecks’ attempt to get out of their contract and notified them that they were obligated to close in accordance with the terms of the
 
 *825
 
 contract. The Kecks refused to close and subsequently sued Maconi seeking rescission of the contract, return of their deposit, and attorney’s fees and costs.
 

 Relying on Maconi’s failure to provide a property report, the Kecks moved for summary judgment on their claim for rescission. In opposition to the motion, Maconi filed affidavits intended to establish that it was not obligated to provide the report because the subdivision was exempt from the Act’s registration and disclosure requirements. After a hearing, the trial court entered final summary judgment in favor of the Kecks.
 

 We review an order granting summary judgment de novo.
 
 Volusia County v. Aberdeen at Ormond Beach, L.P.,
 
 760 So.2d 126 (Fla.2000). “Summary judgment is proper if there is no genuine issue of material fact and if the moving party is entitled to a judgment as a matter of law.”
 
 Id.
 
 at 130. The movant has the burden to demonstrate conclusively that the nonmoving party cannot prevail.
 
 Valk v. J.E.M. Distribs. of Tampa Bay, Inc.,
 
 700 So.2d 416, 419 (Fla. 2d DCA 1997). The Kecks failed to meet their burden. While they did establish that Maconi did not provide them with a property report, they failed to refute Maconi’s claim that the sale was exempt from the Act’s requirements. If the sale of the lot was exempt, Maconi was not obligated to provide a property report, and the Kecks are not entitled to rescission. Accordingly, we reverse the summary judgment entered in favor of the Kecks and remand for further proceedings consistent with this opinion.
 

 Reversed and remanded.
 

 ALTENBERND and NORTHCUTT, JJ., Concur.