830 So.2d 224 (2002)
ROTHSCHILD RESERVE INTERNATIONAL, INC., Appellant,
v.
Constance S. SILVER, as the sole trustee of the Marjorie T. Silver Revocable Trust of 1992, Appellee.
No. 4D01-5068.
District Court of Appeal of Florida, Fourth District.
November 13, 2002.
*225 James M. McCann of Akerman, Senterfitt & Eidson, P.A., West Palm Beach, for appellant.
Manuel Farach of Nason, Yeager, Gerson, White & Lioce, P.A., West Palm Beach, for appellee.
KLEIN, J.
Section 697.01(1), Florida Statutes (2000) provides that all instruments of writing, conveying property for the purpose of securing the payment of money, are deemed mortgages subject to foreclosure. The trial court held that this statute does not apply when a deed is given to secure the payment of money as part of a settlement of a mortgage foreclosure action. We affirm.
Appellant Rothschild, the borrower, purchased a home from appellee for $600,000, paying $100,000 down and giving a $500,000 one year mortgage to Rothschild. When the year was up and the borrower did not pay, the lender filed this foreclosure action.
After the trial court entered a summary judgment in favor of the lender, and prior to a foreclosure sale, the parties, through counsel, entered into a settlement of the foreclosure action on November 28, 2000. Under the agreement the borrower signed a warranty deed to be held in escrow by the lender's counsel, and to be returned to the borrower if the borrower made the payments required by the settlement agreement. The borrower was obligated to pay all principal and unpaid interest charges on January 30, 2001, interest payments prior to that date, and the lender's attorney's fees. The borrower also agreed to a court order evicting it from the premises within ten days of the lender filing the deed.
Although the borrower signed the agreement, it did not make the payments and instead tried to postpone disposition by filing for bankruptcy. After the lender was given relief from the bankruptcy stay, the deed was recorded, and the court entered a judgment enforcing the settlement *226 agreement, ratifying the deed, and issuing a writ of possession.
The borrower appeals, arguing that the deed it gave as part of the settlement is a mortgage under section 697.01(1), Florida Statutes (2000) which provides:
All conveyances, obligations conditioned or defeasible, bills of sale or other instruments of writing conveying or selling property, either real or personal, for the purpose or with the intention of securing the payment of money, whether such instrument be from the debtor to the creditor or from the debtor to some third person in trust for the creditor, shall be deemed and held mortgages, and shall be subject to the same rules of foreclosure and to the same regulations, restraints and forms as are prescribed in relation to mortgages.
The borrower argues that the statute should have been applied in order to protect its equity of redemption because the property is worth more than the amount owed the lender. The lender responds that: (1) the settlement agreement did not provide for a foreclosure sale; (2) the borrower benefitted from the settlement agreement by being able to occupy the property for a substantially longer period of time; and (3) if agreements to settle foreclosure actions are deemed mortgages under the statute, no foreclosure action could ever be settled.
Whether a conveyance is a mortgage under the statute depends on the facts and the intent of the parties. Valk v. J.E.M. Distribs. of Tampa Bay, Inc., 700 So.2d 416 (Fla. 2d DCA 1997) and cases cited. After an evidentiary hearing on the lender's motion to enforce the settlement, the trial court found as a matter of fact that the settlement agreement was "a contractual resolution of already litigated issues and claims and not a mortgage."
The borrower has not cited any cases in which the statute has been applied to a settlement of an action in which a conventional mortgage is being foreclosed. We question the applicability of the statute in these circumstances, because the purpose of the statute is to protect a borrower's equity of redemption. It is one thing to apply the statute to protect a borrower's equity of redemption where there is no formal mortgage, but rather an agreement for deed, First Fed. Sav. & Loan Ass'n v. Fox, 440 So.2d 652 (Fla. 2d DCA 1983), or an installment land sale contract, H & L Land Co. v. Warner, 258 So.2d 293 (Fla. 2d DCA 1972). It is quite another to apply it where, as in this case, the borrower had the right to a foreclosure sale and an equity of redemption from the very beginning.
In any event, we disagree with the borrower that the statute applies as a matter of law and, finding competent substantial evidence to support the trial court's findings of fact that this settlement was in lieu of a foreclosure sale, affirm.
GROSS and TAYLOR, JJ., concur.