852 So.2d 896 (2003)
Brian J. FREY and Laurie Frey, Appellants,
v.
Pamela E. LIVECCHI, Appellee.
No. 4D02-4499.
District Court of Appeal of Florida, Fourth District.
August 6, 2003.
Rehearing Denied September 12, 2003.
*897 Michael E. Greene of Michael E. Greene, P.A., Coral Springs, for appellants.
John W. Case, Fort Lauderdale, for appellee.
POLEN, J.
This appeal arises from a trial court's entry of a default final judgment of eviction. Because the defense raised by the Appellants at the trial court warranted an evidentiary hearing, and the trial court failed to conduct one, we reverse and remand with instructions that the court conduct the appropriate hearing.
The facts of this case warrant some discussion. Pamela E. Livecchi ("Livecchi") is the owner of a home in Coconut Creek. In June of 1998, Livecchi entered into a one-year residential lease agreement with Brian and Laurie Frey ("the Freys"). The Freys alleged that at the end of the lease agreement they had entered into a contract to purchase the property. Livecchi, on the other hand, asserts that at the end of the lease, the Freys became month-to-month tenants.
On May 16, 2002, Livecchi sent the Freys a notice to vacate the premises. On June 5, 2002, the Freys filed an amended complaint in the circuit court seeking, inter alia, specific performance of the contract to purchase the property. No copy of the purported option to purchase was attached to the complaint.
On July 3, 2002, Livecchi filed a complaint for tenant eviction in the county court. The Freys responded to the complaint asserting as a defense that they occupy the premises pursuant to a contract for sale, not a month-to-month tenancy, and that the court lacked jurisdiction based on the Freys' previously filed complaint. In addition, the Freys filed a motion to determine the amount of rent due, and a motion to transfer the eviction action to the circuit court. The motion to transfer was granted. In the motion to determine rent due, the Freys contended that the statutory requirement to pay rent into the registry of the court, as well as other provisions applicable to lease situations, did not apply because they occupy the property under a sales contract rather than a lease agreement.
After the case was transferred, Livecchi filed a motion to determine possession of property and/or amount of rent due. The motion was based on the Freys' failure to pay rent and alleged that they were month-to-month tenants.
On September 17, 2002, without having conducted any evidentiary hearing, the court granted Livecchi's motion and ordered the Freys to put money into the court registry within ten days to avoid a default final judgment for eviction. Upon the Freys' failure to pay the money into the registry, the court entered a default judgment for eviction.
Section 83.60(2), Florida Statutes, requires payment of rent into the registry of the court in residential landlord tenant disputes under Part II of Chapter 83. § 83.60, Fla. Stat. (1999). However, section 83.60 does not apply when the occupancy is under a contract for sale of a dwelling unit or the property of which it is a part. § 83.42(2), Fla. Stat. (1999). The Freys claim that this provision is inapplicable because they were not tenants under the statute. Rather, their claim is based *898 on their rights under a contract for sale. The resolution of this factual dispute would determine whether section 83.60 is applicable. Because such a determination would be dispositive, we hold that the trial court was required to conduct an evidentiary hearing before determining whether the Freys were required to pay money into the court registry. Because the trial court failed to conduct such a hearing, we find that the trial court erred in imposing such a requirement, erred in entering the default judgment, and reverse the entry of the final default judgment.
REVERSED and REMANDED.
WARNER and GROSS, JJ., concur.