891 So.2d 608 (2005)
Jeffrey A. GRIMM and Theresa E. Grimm, Appellants,
v.
Gail HUCKABEE, John R. Parker, Jr., and Misti G. Parker, Appellees.
No. 1D04-1357.
District Court of Appeal of Florida, First District.
January 24, 2005.
Bret A. Moore, Niceville, for Appellants.
John C. Bryan, Jr. of Welton & Williamson, P.A., Crestview, for Appellees.
VAN NORTWICK, J.
Jeffrey A. Grimm and Theresa E. Grimm appeal a default final judgment of eviction in favor of John R. Parker, Jr., and Misti G. Parker, and their predecessor in title, Gail Huckabee, appellees. Appellants argue that the trial court erred in evicting them from their dwelling pursuant to the summary proceedings of section 83.60(2), Florida Statutes (2003), when appellants were occupying the dwelling under a contract for purchase and sale with an agreement that provided for a right of occupancy by them pending closing. Because the trial court erred in ordering eviction under section 83.60(2) without conducting an evidentiary hearing to resolve factual disputes concerning the basis of appellants' right of occupancy and the payment of rent for March 2004, we reverse and remand for further proceedings.
On July 30, 2002, appellants entered into a residential sale and purchase contract with Gail Huckabee. Closing was initially scheduled for September 3, 2002. By amendment to the contract, closing was extended to September 1, 2003, and the parties entered into an agreement pursuant to which appellants took occupancy of the dwelling on October 1, 2002 until closing, in return for the payment of $850 per month rent. On April 8, 2003, by quit claim deed Ms. Huckabee transferred title to the property to Misti G. Parker, Huckabee's step-daughter, and John R. Parker, Jr. Prior to the scheduled date of closing under the purchase and sale contract with appellants, appellants notified all three appellees in writing that appellants were ready and willing to close and, because September 1, 2003, was a holiday, set a time for closing on September 2, 2003 at the office of appellants' attorney. Appellees *609 did not appear at the scheduled closing and the purchase and sale was not consummated.
Appellants continued to occupy the dwelling, but initially did not pay rent after September 2, 2003, taking the position they were under no obligation to do so since appellees had breached their obligations under the purchase and sale contract.[1] The Parkers filed an eviction action in county court and appellants filed an action in circuit court against all three appellees seeking specific performance of the contract for sale and a demand for mediation and arbitration pursuant to the contract. Upon motion, the two proceedings were consolidated.
The Parkers filed a motion for default judgment for possession of property, arguing they were entitled to immediate possession because appellants had failed to pay past due rent or holdover rent. On March 11, 2004, the trial court entered an order finding that the appellants were "currently in possession of the property pursuant to a contract for purchase and sale of the property which contains an occupancy agreement," but ordering payment of past due rent and double holdover rent pursuant to section 83.06(1), Florida Statutes (2003).[2] Pursuant to the court's order, appellants deposited $7,650 into the registry of the court. On March 12, 2004, asserting that appellants were late in paying the holdover rent for March 2004, the Parkers filed a motion for default judgment of possession of property under section 83.60, which the trial court granted on March 15, 2004. On March 19, the appellants filed a motion for clarification of the order for payment into the registry of the court, requesting the trial court to establish a date certain for payment of rent since neither the original occupancy agreement nor the order requiring payment into the court registry provided for a definitive payment date. On March 22, 2004, appellants filed a motion to set aside the default judgment, including their request for an evidentiary hearing, and to quash the writ of possession. The trial court denied those motions. A writ of possession was issued and served upon appellants and they were removed from the property. This appeal ensued.
Appellants argue that, because they were occupying the dwelling under a contract for sale, under section 83.42(2), Florida Statutes (2003), Part II of Chapter 83, the Florida Residential Landlord and Tenant Act, could not be invoked to evict them from the subject property.[3] Further, they *610 submit, under the facts here, it was error to require them to pay money into the registry of the court pursuant to section 83.60(2), to require them to pay double holdover rent under section 83.06(1), or to evict them pursuant to section 83.60(2) given the dispute as to whether the March 2004 rent was paid late.
In Painter v. Town of Groveland, 79 So.2d 765, 768 (Fla.1955), the court explained that to obtain double rent as a statutory penalty, an occupant "holding over must have been willful and without color of title, and ... if the holding over is under a bonafide claim of right based upon reasonable grounds, [occupant] cannot be held liable for the penalty." Upon facts very similar to the case before us, the Fourth District Court of Appeal has held that it was error for a trial court to require occupants to deposit rent into the court registry in an eviction proceeding without holding an evidentiary hearing to determine whether they were tenants or occupied the property under a residential sales contract. See Frey v. Livecchi, 852 So.2d 896 (Fla. 4th DCA 2003). The Frey court explained:
Section 83.60(2), Florida Statutes, requires payment of rent into the registry of the court in residential landlord tenant disputes under Part II of Chapter 83. § 83.60, Fla. Stat. (1999). However, section 83.60 does not apply when the occupancy is under a contract for sale of a dwelling unit or the property of which it is a part. § 83.42(2), Fla. Stat. (1999). The Freys claim that this provision is inapplicable because they were not tenants under the statute. Rather, their claim is based on their rights under a contract for sale. The resolution of this factual dispute would determine whether section 83.60 is applicable. Because such a determination would be dispositive, we hold that the trial court was required to conduct an evidentiary hearing before determining whether the Freys were required to pay money into the court registry. Because the trial court failed to conduct such a hearing, we find that the trial court erred in imposing such a requirement, erred in entering the default judgment, and reverse the entry of the final default judgment.
We find the reasoning of Frey persuasive. Similarly, here, because appellants were claiming a right of occupancy under a purchase and sales contract, an evidentiary hearing was required to determine the basis for appellants' right of occupancy before the trial court ordered eviction.
Accordingly, the cause is REVERSED and REMANDED for proceedings consistent with this opinion.
WOLF, C.J., concurs and BENTON, J., concurs with written opinion.
BENTON, J., concurring.
Whatever right of possession Jeffrey A. and Theresa E. Grimm may have to 2469 Lake Silver Road in Crestview turns not on any asserted tenancy, but on their claim to equitable ownership.
The Grimms maintain that they are entitled to specific performance of the residential sale and purchase contract, as modified by the addendum to contract for sale and purchase and occupancy agreement. They *611 contend they executed these documents and occupied the property, not as tenants, but as vendees, and that Gayle Huckabee signed as vendor and (then) owner.
The contract and agreement purport to bind Ms. Huckabee and also, by necessary implication, her daughter and son-in-law, Misti and John Parker, to whom she quitclaimed the property after signing the documents, to close the sale "no later than 1 Sept 03." Since September 2, 2003 (the 1st being a legal holiday), the Grimms claim that they have been ready, willing and able to close, but that neither the Parkers nor Ms. Huckabee appeared for the scheduled closing or has been willing to convey the property.
In the circumstances the Grimms allege, I agree that section 83.42(2), Florida Statutes (2003), renders the Florida Residential Landlord and Tenant Act, including section 83.60, Florida Statutes (2003), inapplicable.
NOTES
[1] The record is somewhat confused concerning the appellants' payment of rent. The Parkers contended below that the appellants failed to pay rent for the months of May, June and July 2003. The appellants submitted that they made a mortgage payment on the property and paid two months' rent into the registry of the court after Huckabee filed her own eviction action. In the trial court's order of March 11, 2004, the court indicates that payment of rent for those three months should be made, but, then, in the order the court takes judicial notice of the rents paid by appellants into the registry of the court in Huckabee's eviction action. From the trial court's order, then, it appears that the only rent not paid at the time of the March 11 order was the rent for the months subsequent to September 1, 2003.
[2] Section 83.06(1), Florida Statutes (2003), provides:

(1) When any tenant refuses to give up possession of the premises at the end of the tenant's lease, the landlord, the landlord's agent, attorney, or legal representatives, may demand of such tenant double the monthly rent, and may recover the same at the expiration of every month, or in the same proportion for a longer or shorter time by distress, in the manner pointed out hereinafter.
[3] Section 83.42(2), Florida Statutes (2003), provides that "This part does not apply to:... [o]ccupancy under a contract of sale of a dwelling unit or the property of which it is a part." See also Pensacola Wine and Spirits Distillers, Inc. v. Gator Distributors, Inc., 448 So.2d 34 (Fla. 1st DCA 1984)(holding that when an option to buy is exercised and the lease terminated, vendee becomes an equitable owner of the property pursuant to an executory contract, and the proper action for landowner/vendor seeking possession is ejectment rather than eviction).