954 So.2d 645 (2007)
Dalia MINALLA, Appellant,
v.
EQUINAMICS CORPORATION, Appellee.
Nos. 3D06-2880, 3D06-2850.
District Court of Appeal of Florida, Third District.
March 21, 2007.
James A. Bonfiglio, Boynton Beach, for appellant.
*646 Tabas, Freedman, Soloff & Miller, and Robert Miller, Joel L. Tabas and Stacey F. Soloff, Miami, for appellee.
Before FLETCHER and SHEPHERD, JJ., and SCHWARTZ, Senior Judge.
SHEPHERD, J.
Dalia Minalla appeals an interlocutory order granting Equinamics Corp.'s motion for payment of rent pursuant to section 83.60(2) of the Florida Residential Landlord Tenant Act. §§ 83.40-83.682, Fla. Stat. (2005).[1] Because there is a substantial, unresolved question in this case concerning whether Equinamics is an owner or landlord entitled to invoke the benefit of the statute, we reverse the order requiring payment of rent by Minalla.
Section 83.60(2), Florida Statutes (2005) provides:
In an action by the landlord for possession of a dwelling unit, if the tenant interposes any defense other than payment, the tenant shall pay into the registry of the court the accrued rent as alleged in the complaint or as determined by the court and the rent which accrues during the pendency of the proceeding, when due. . . . Failure of the tenant to pay the rent into the registry . . . constitutes an absolute waiver of the tenant's defenses other than payment, and the landlord is entitled to an immediate default judgment for removal of the tenant with a writ of possession to issue without further notice or hearing thereon.
83.60(2), Fla. Stat. (2005)(emphasis added).
This provision was included in the Florida Residential Landlord Tenant Act when it initially was adopted in 1973, see Ch. 73-330, Laws of Florida, to assure that a devious, sometimes "judgment proof" tenant cannot both live rent free and dispute some non-monetary aspect of the tenancy at the same time. K.D. Lewis Enters. Corp. v. Smith, 445 So.2d 1032, 1035 (Fla. 5th DCA 1984). Ordinarily, the identity of the owner or landlord of the leased property is readily apparent. Here, however, Minalla alleges she was tricked into conveying her home to Equinamics in a transaction which is impressed with characteristics of a sale, but in reality is a disguised loan secured by her home. If this is accurate, then Equinamics is not an owner of Minalla's residence but rather a lender who must proceed to oust Minalla via a foreclosure action. In addition, Equinamics has no right to insist on payments of "rent" into the court registry under section 83.60(2) of the Florida Residential Landlord Tenant Act.
Equinamics is the record owner of the residence under an agreement executed between the parties on November 22, 2004. On that date, Minalla executed a special warranty deed conveying her residence to Equinamics in return for a one-year lease back of the residence to Minalla with an option for her to re-purchase it later. As part of the transaction, Minalla received $10,000 in cash. Equinamics reduced Minalla's monthly lease payments by half to meet her economic needs. She also executed an Assignment of Escrow, Bill of Sale, and Name Affidavit in connection with the transaction. However, there was no settlement statement, title insurance, or tax or insurance proration. The first *647 mortgage on the property remained undisturbed.
A month later, Equinamics borrowed $65,000 on the residence and paid the first mortgage on the property through a combination of those funds and Minalla's reduced payments until Minalla stopped the payments. Since that time, Minalla has made the payments on the first mortgage to stave off foreclosure by the first mortgagee. In addition, since November 22, Minalla has maintained the interior and exterior of her home, the structure, the electrical, plumbing, and all major appliances. By her assessment, Equinamics has not reached into its own pocket to pay a single debt or expense relating to the property since it obtained title. Minalla apparently could not borrow on the equity in the residence herself because of credit-worthiness issues of her own.
Minalla asserts that Equinamics impressed the transaction upon her as a result of a business practice by which it surfs the public real estate records via Internet, locates distressed residential property owners at risk of losing their homes  preferably ones with equity unreachable by the owner  and offers them interim assistance in the form of transactions of this nature. In this case, Equinamics contacted Minalla approximately sixty days after she and the first mortgagee entered into a stipulation of record in a pending foreclosure action brought against her by the first mortgagee whereby she waived all defenses, consented to amounts due, and was given six months to refinance and pay off the entire mortgage, failing which the mortgagee could obtain a foreclosure judgment against her ex parte upon the filing of an affidavit of default. In this predicament, Minalla averred that Equinamics was her only realistic option.
Based upon the facts of this case, it is apparent that the transaction by which Equinamics received title to the Minalla residence was not an ordinary real estate transaction. Likewise, the circumstances under which Minalla continued to remain on the property after she executed the special warranty deed to Equinamics was not possessed of the trappings of a usual landlord tenant relationship.[2]
While not seriously disputing the proposition that the substance of a transaction controls over form when considering the legal effect of a real estate transaction or any other business transaction, see § 697.01(1), Fla. Stat. (2005)("[a]ll conveyances, obligations, conditioned or defeasible, bills of sale or other instruments of writing conveying or selling property . . . for the purpose or with the intention of securing the payment of money . . . shall be deemed and held mortgages . . ."); Rothschild Reserve Int'l, Inc. v. Silver, 830 So.2d 224, 225 (Fla. 4th DCA 2002)("Section 697.01(1), Florida Statutes (2000) provides that all instruments of writing, conveying property for the purpose *648 of securing the payment of money, are deemed mortgages subject to foreclosure."); Valk v. J.E.M. Distribs. of Tampa Bay, Inc., 700 So.2d 416, 419 (Fla. 2d DCA 1997)("whether a conveyance should be declared a mortgage under the statute depends on the particular facts, and, as the statute provides, is a question of the parties' intent"), Equinamics nevertheless insists that as holder of record title to the property, it is entitled to require Minalla to pay rent into the court registry so long as she continues to live on the property. Like the trial court, Equinamics says this is necessary to "maintain the status quo," until the issue of title finally is resolved. In this argument, Equinamics is in error.
Although a landlord generally is entitled to require a tenant in possession to deposit rents into the court registry during the course of any landlord tenant dispute where the tenant interposes any defense other than payment, the rule yields where title is in issue. This exception is well illustrated by the recent Fourth District Court of Appeal case, Frey v. Livecchi, 852 So.2d 896 (Fla. 4th DCA 2003). In Frey, Pamela Livecchi, the owner of a Broward County home, entered into a one-year residential lease agreement with the Freys. Id. at 897. The Freys alleged that at the end of the lease agreement they had entered into an option to purchase the property. Id. Livecchi, on the other hand, denied the existence of any such option and asserted that at the end of the lease, the Freys became month-to-month tenants. Id. At the end of the period, Livecchi sent the Freys a notice to vacate the premises. Id. The Freys responded with a complaint for specific performance based upon the purported option. Id. Without conducting an evidentiary hearing on this dispute, the trial court ordered the Freys to put the disputed past due "rent" in the registry of the court or face an order of eviction. Id. The court of appeal reversed stating:
Section 83.60(2), Florida Statutes, requires payment of rent into the registry of the court in residential landlord tenant disputes under Part II of Chapter 83. 83.60, Fla. Stat. (1999). However, section 83.60 does not apply when the occupancy is under a contract for sale of a dwelling unit or the property of which it is a part. 83.42(2), Fla. Stat. (1999). The Freys claim that this provision is inapplicable because they were not tenants under the statute. Rather, their claim is based on their rights under a contract for sale. The resolution of this factual dispute would determine whether section 83.60 is applicable. Because such a determination would be dispositive, we hold that the trial court was required to conduct an evidentiary hearing before determining whether the Freys were required to pay money into the court registry. Because the trial court failed to conduct such a hearing, we find that the trial court erred in imposing such a requirement, erred in entering the default judgment, and reverse the entry of the final default judgment.
Id. at 897-98; see also Grimm v. Huckabee, 891 So.2d 608 (Fla. 1st DCA 2005). Cf. Blanco v. Novoa, 854 So.2d 672, 673 (Fla. 3d DCA 2003)(reversing a motion to pay accrued "rent" into the registry of the court where the trial court "construed the agreement between Blanco and Novoa to be a [true] lease" rather than a mortgage); First Hanover v. Vazquez, 848 So.2d 1188 (Fla. 3d DCA 2003)(affirming the grant of a motion for default and non-payment of rent where tenant ratified the conveyance of property by bringing action for damages for fraudulent inducement apparently without placing title in issue). As in Frey, there is a factual dispute in this case concerning who is the true owner of the property. *649 Because the trial court's order requiring payments by Minalla of monies into the registry was made without conducting an evidentiary hearing concerning the nature of the transaction and who is the true owner of the residence, the court erred in imposing the payment requirement upon her.
Reversed.
NOTES
[1] We have jurisdiction. See First Hanover v. Vazquez, 848 So.2d 1188 (Fla. 3d DCA 2003)(order denying motion for default and writ of possession appealable under Fla. R.App. P. 9.130(a)(3)(C)(ii) as an order determining the right to immediate possession of property); see also Fla. R.App. P. 9.310(a)(3)(B); Hughes v. First Fed. Sav. & Loan Ass'n, 621 So.2d 557 (Fla. 4th DCA 1993)(order requiring payment into court registry is injunctive in nature).
[2] In her amended complaint, Minalla alleges in Count I that this hybrid transaction  which she nicknames a SLO for "sale, lease, option"  is a close-ended secured consumer credit transaction under the Federal Truth in Lending Act giving her a right to rescind under 15 U.S.C. § 1635 and Reg. Z 226.23, and damages under 15 U.S.C. § 1640(a); in Count II that the SLO is a Home Ownership and Equity Protection Act Amendments (HOEPA) loan under 15 U.S.C. § 1602(aa) and Reg. Z 226.31, giving right to an additional basis to rescind under § 1635 and enhanced actual damages under § 1640(a)(4); in Count III that the SLO violates Florida's usury statute, § 687.02(1), Florida Statutes (2005); in Count IV a quiet title claim; and in Count VI[sic] seeks declaratory relief on the basis that enforcing the SLO as a "sale lease option" would enforce an illegal equity skimming contract in violation of section 697.08, a third degree felony, which it claims allows Minalla civil damages as being "against public policy."