THOMPSON, J.
Delores Nichilo challenges a nonfinal order that she pay rents due into the registry of the court, or failing that, immediately vacate the property and surrender possession to the court. We affirm.
This court has jurisdiction to review the circuit court’s nonfinal order that determined the right to immediate possession of property; to wit, the rental proceeds. Fla. Discount Prop., Inc. v. Windermere Condo., Inc., 763 So.2d 1084, 1084 (Fla. 4th DCA 1999); Fed. Home Loan Mortgage Corp. v. Molko, 584 So.2d 76, 77 (Fla. 3d DCA 1991).
This lawsuit commenced upon the filing of an eviction proceeding by appellee, Charles Fischer, trustee, against Nichilo in county court in July 2005. Nichilo answered with affirmative defenses and counterclaimed for specific performance of a real estate purchase contract concerning the property, breach of contract, and fraud in the inducement. The lease ran from 15 February 2004 through 28 February 2005, the anticipated closing date for the real estate purchase contract.
The contract provided that Nichilo would purchase the subject real property for $219,900. She deposited $10,000 as earnest money and agreed to assume an existing mortgage of about $200,000 and pay the balance by a rent credit of $2200 and a $7700 purchase money mortgage and note to the seller. Fischer allegedly presented Nichilo’s attorney with copies of the written agreements for her counsel’s review and, later, without notice to Nichilo or her counsel, inserted a handwritten addendum into the closing documents package that spelled out the seller’s financing as well as a provision that any difference between the mortgage indebtedness and $200,000 would be due at closing. Both Nichilo and Fischer signed the addendum.
Before closing, Fischer advised Nichilo by letter dated 23 February 2005 that the mortgage indebtedness was $191,359.98 and, without acknowledging the agreement for seller financing, informed her that the balance due at closing was $16,340.02, which included the rent credit. Nichilo interpreted the contract differently; she contended that her assumption of the existing mortgage, earnest money deposit, rent credits, and purchase money mortgage and note would not require any addi *740 tional cash settlement at closing. Fischer’s letter to Nichilo informed her that the property had significantly appreciated that year and offered to refund half of her earnest money if she declined to perform the purchase contract. Problems ensued, the closing did not occur, and Nichilo continued to live in the house. Disagreements arose concerning her payment of any additional rent for the period after the one-year tenancy ended in February 2005. Ni-chilo’s delinquent rental payments resulted in the eviction proceeding.
Nichilo sought to transfer the case to circuit court because the county court lacked subject matter jurisdiction over a dispute between a buyer and seller of real estate. The case was transferred to circuit court, but not before the county court entered an order that Nichilo pay into the registry of the court the accrued rent of $1600 per month commencing 1 June 2005, and thereafter all such rent that accrued during the pendency of the action.
Meanwhile, Fischer filed an amended complaint in circuit court to allege that the lease had terminated in February 2005, Nichilo was in default on rental payments, and, having given her three-day notice, he now demanded judgment for possession of the property. Nichilo sought to dismiss the circuit court action, and Fischer responded with a motion for default and writ of possession because Nichilo had failed to pay rent since November 2005 as ordered by the county court. The circuit court subsequently entered the order on appeal that Nichilo pay rents due at the rate of $1600 per month to the registry of the court or surrender possession and vacate the property.
Nichilo failed to appeal the county court’s order entered in October 2005 that she pay rent or vacate the premises. She now argues that because the county court’s order was a nullity, the circuit court may not enforce the order. It is without dispute that the circuit court, not the county court, had exclusive original jurisdiction to preside over actions of ejectment and those involving the title of real property. § 26.012(2)©, Fla. Stat. (2006). However, Nichilo cannot now challenge the county court’s order. We conclude that the circuit court’s order was not a nullity regardless of whether the county court’s order was. Any claim concerning the county court’s jurisdiction is moot because the matter is now before the circuit court. Accordingly, this argument lacks merit.
Nichilo’s second argument is that the court lacked authority to enter the order requiring her to pay rent or vacate without first holding an evidentiary hearing. The appellee counters that the order must be presumed correct due to the lack of a transcript. Nichilo is correct that if, at the evidentiary hearing, the court determines that the basis of the occupant’s claim is a contract for sale and purchase and not a lease agreement, the court may not order payments be made into the registry of the court under threat of eviction during the course of the litigation. See Frey v. Livecchi 852 So.2d 896, 897-98 (Fla. 4th DCA 2003) (holding trial court could not require occupants to deposit rent into court registry in a tenant eviction action without first holding an evidentiary hearing to determine whether they were tenants or whether they occupied property under a contract for sale of the property); Grimm v. Huckabee, 891 So.2d 608, 610 (Fla. 1st DCA 2005). As the Frey and Grimm courts held, section 88.42(2), Florida Statutes (2006), renders inapplicable the Florida Residential Landlord and Tenant Act.
The appellee contends that a record without a transcript of the hearing is inadequate to determine whether error occurred in the conduct of the hearing. See *741 Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150, 1152 (Fla.1979). In any event, the court’s order was consistent with a determination that the court found that the parties’ relationship was as landlord-tenant, not seller-buyer. The court’s order contains no recitation or finding whether the claim was supported by a contract for sale or a landlord-tenant dispute. Nichilo’s motion for rehearing states that the court made no such oral pronouncement at the hearing and that the hearing was not an evidentiary one. Nonetheless, based upon the record before us, it cannot be determined that the trial court did not conduct an evidentiary hearing. Further, there is no requirement, as Nichilo urges, that specific factual findings be made in the record or order.
In summary, we hold that the circuit court’s order was not a nullity and the record is incomplete to permit us to determine whether error occurred in the conduct of the hearing.
Accordingly, we AFFIRM.
GRIFFIN and SAWAYA, JJ., concur.