988 So.2d 90 (2008)
Jeffrey BERNSTEIN and Wendie Bernstein, Appellants,
v.
NEW BEGINNINGS TRUSTEE, LLC., Appellee.
Nos. 4D07-4007, 4D07-4969.
District Court of Appeal of Florida, Fourth District.
July 16, 2008.
*91 James A. Bonfiglio of Law Offices of James A. Bonfiglio, P.A., Boynton Beach, for appellants.
Edward F. Holodak of Edward F. Holodak, P.A., Hollywood, for appellee.
WARNER, J.
The Bernsteins appeal two orders entered in an eviction proceeding. They first challenge a partial summary judgment ordering them to deposit rent into the court registry in order to raise defenses to the eviction. The court did so after finding that the transaction documents signed by the Bernsteins effectuated a valid sale of their home to New Beginnings with a leaseback and option to repurchase.[1] The second order appealed granted a default in the eviction proceedings because of the failure to deposit rent in the registry and entered a writ of possession.[2] They contend that material issues of fact remain as to their claim that their transaction with New Beginnings constituted a mortgage and not a sale and lease. We agree that material issues of fact remain and reverse.
*92 The Bernsteins owned a townhouse with a fair market value of $250,000. Unfortunately, they could not keep up with their mortgage payments, and their lender foreclosed. The final judgment of foreclosure required the payment of $89,526 for principal, interest, costs and attorney's fees. However, their mortgage permitted them to reinstate for a payment of $32,290.
Several weeks before the foreclosure sale, they were approached by New Beginnings who led them to believe that it would help them save their home through a refinance. Ultimately, two days before the date of the foreclosure sale, the parties entered into multiple transaction documents regarding the home, including a contract to convey interests in real property, a warranty deed, a detailed disclosure form, a compliance agreement, and a residential lease with option to purchase. The same date, New Beginnings wrote a check to the Bernsteins' mortgagee in the amount of $32,290. The effect of these documents is the subject of this dispute.
The contract to convey interest in real property recited that the Bernsteins' home was scheduled for foreclosure sale two days later and that they had exhausted all avenues to cure the foreclosure action. The Bernsteins acknowledged that New Beginnings was purchasing the property for below fair market value; however, the Bernsteins deemed the contract fair and reasonable given their present situation. The contract recited New Beginnings' intention to reinstate the mortgage in the Bernsteins' name. While the Bernsteins acknowledged that the transaction was entered at "arms-length" and "not under duress," the contract also referred to the situation involving the property as "distressed." The Bernsteins acknowledged that they had full knowledge of their actions. Finally, they acknowledged that they had been afforded the opportunity to obtain independent legal counsel and that they sought the advice of legal counsel, William Roach, Jr. (who the Bernsteins later alleged was New Beginnings's counsel) prior to executing the contract and related documents.
The detailed disclosure form completed by the Bernsteins explained that they faced foreclosure due to their medical conditions and inability to work. The Bernsteins explained that they understood the terms of the transaction as "the mortgage is being reinstated and that I pay the rent each month for a year, and at the end of a year, I [have] the option of purchase." (emphasis supplied). The Bernsteins agreed that they had been given sufficient time to review the documents related to the transaction, and that they had consulted with attorney William Roach, Jr.
The warranty deed recited the sale of the home from the Bernsteins to New Beginnings for $32,300. The residential lease with option to purchase recited an agreement whereby New Beginnings, as landlord, leased the home to the Bernsteins, as tenants, for a term of twelve months at a monthly rate of $1,100 with an option to purchase the property for $125,000 during the term of the lease. The lease terms provided that all rental payments would be used to pay the existing mortgage on behalf of the Bernsteins and that any additional funds "will be deemed to cover administrative and overhead costs and time and efforts expended for purposes related to the subject property." It also required the Bernsteins to pay for all repairs, including structural, necessary to obtain mortgage financing; permitted New Beginnings to add to the monthly rent the cost of municipal and special assessments, property tax increases, and other rate increases including insurance increases; and required the Bernsteins to bear the costs of taxes, dwelling *93 insurance, homeowners and condo association payments, arrears and delinquencies; and required the Bernsteins to pay for all maintenance and upkeep of the property, including interior, exterior, structural and non-structural as well as bills, payments, liens, fines, and judgments. In other words, New Beginnings did not have any financial responsibilities whatsoever over the property which it "purchased" from the Bernsteins.
When the Bernsteins failed to pay their rental payments for three months, New Beginnings filed a complaint for eviction. The Bernsteins filed a pro se answer and then retained counsel who filed an amended answer, affirmative defense, and a counterclaim, denying that rent was owed and seeking damages for violations of the Truth in Lending Act, 15 U.S.C. § 1601 et seq., and Regulation Z, 12 C.F.R. 226.1 et seq. Subsequently, New Beginnings filed a six-count amended complaint, which included a count seeking declaratory relief that the sale was valid and not a mortgage as well as its eviction action. The Bernsteins' answered the amended complaint. Pertinent to this appeal, they alleged that the transaction was not a sale and leaseback with an option to purchase but rather a consumer credit transaction in the amount of $33,000 (the amount needed to bring the mortgage current) with a twelve-month security interest against the Bernsteins' primary residence in violation of the Truth in Lending Act and Regulation Z, entitling them to the right to rescind and to damages. They asserted that New Beginnings required that the Bernsteins retain all indicia of ownership.
The Bernsteins alleged that they paid the rent to New Beginnings in April 2006, but that New Beginnings failed to make payments to its mortgagee, Midland Mortgage Co. Because of this, the Bernsteins paid Midland directly for the mortgage payments due in April and May. They raised multiple other affirmative defenses to the complaint.
New Beginnings filed a motion for partial summary judgment as to its count seeking a declaratory judgment that the effect of the transaction documents was a sale and leaseback and also as to its count seeking to evict the Bernsteins from the property for failure to pay rent. It argued that the transaction documents were clear and unambiguous on their face and that they contained no latent ambiguities. Moreover, even if the court were to allow the Bernsteins to introduce parole evidence of their intent in signing the documents, the deposition transcript reflected that the Bernsteins knew they were selling their property with the option to repurchase it within twelve months.
In opposition to the motion, the Bernsteins argued that the transaction documents created a substantial question as to whether the transaction was a sale or a mortgage. They alleged that communications with New Beginnings led them to believe that it would help them save their home through a refinance. Additionally, they asserted that, when read together, the documents contained all of the hallmarks of a mortgagor-mortgagee relationship, specifically a wrap-around one year interest only balloon mortgage. In support, they pointed to the various obligations imposed on the tenant in the lease agreement, including requirements that the Bernsteins maintain the interior and exterior of the house, and pay taxes, insurance, and homeowner's fees. Moreover, there was no settlement statement in connection with the transaction, no title insurance, no tax or insurance prorations, and New Beginnings did not satisfy or assume the first mortgage. All indicia of ownership remained with the Bernsteins. New *94 Beginnings did not even receive a set of keys from the Bernsteins.
The court granted partial summary judgment determining that the transaction was a sale and leaseback and that the Bernsteins had knowingly entered into the transaction. As the lease was valid, the court ordered the Bernsteins to deposit the unpaid rent into the registry of the court, as required by section 83.60(2), Florida Statutes. Otherwise, they would be defaulted. The Bernsteins failed to make the deposit, and the court granted the default, entering a writ of possession. This appeal follows.
The standard of review of an order granting summary judgment is de novo. Volusia County v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 130 (Fla.2000). "When reviewing a ruling on summary judgment, an appellate court must examine the record in the light most favorable to the non-moving party." Fini v. Glascoe, 936 So.2d 52, 54 (Fla. 4th DCA 2006). Summary judgment is appropriate where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fla. R. Civ. P. 1.510(c). "[T]he burden is upon the party moving for summary judgment to show conclusively the complete absence of any genuine issue of material fact." Fini, 936 So.2d at 54 (quoting Albelo v. S. Bell, 682 So.2d 1126, 1129 (Fla. 4th DCA 1996)).
The Bernsteins contend that the transaction documents establish a contractual relationship between the parties indistinguishable from a refinance wrap-around interest only one year balloon mortgage. They assert that the trial court incorrectly based its order on a patent/latent ambiguity analysis, instead of considering the facts and circumstances surrounding the transaction to discern the parties' intent. New Beginnings counters that the transaction documents were unambiguous, and that the record did not show the Bernsteins misunderstood them or did not know what they were signing.
Pursuant to section 697.01(1), Florida Statutes, written instruments conveying or selling property for the purpose or with the intention of securing the payment of money are deemed to be mortgages. Deciding whether a conveyance should be declared a mortgage under the statute depends on the facts and circumstances surrounding the transaction and the parties' intent. Blanco v. Novoa, 854 So.2d 672, 674 (Fla. 3d DCA 2003) (citing Valk v. J.E.M. Distribs., 700 So.2d 416, 419 (Fla. 2d DCA 1997)). As the Valk court further explained:
"In resolving this factual issue, courts will look beyond the terms of the documents themselves in order to determine the real intent of the parties at the time of the transaction." "[E]quity will look at and take into consideration all the facts and circumstances surrounding the transaction and will decree an instrument to be a deed or mortgage according to the real intentions of the parties."
700 So.2d at 419 (citations omitted). See also Oregrund Ltd. P'ship v. Sheive, 873 So.2d 451 (Fla. 5th DCA 2004); Barr v. Schlarb, 314 So.2d 609, 610-11 (Fla. 1st DCA 1975) (noting that while there is a strong presumption in favor of the correctness of deeds and other official documents, "where the parties so intend, an instrument may be construed to be a mortgage although appearing to be otherwise on its face"). It is the substance and not the form that is critical. Blanco, 854 So.2d at 674. Florida courts have liberally interpreted section 697.01(1) and, when in doubt, "have leaned in favor of construing the deed as a mortgage and have taken into consideration the entire transaction and circumstances in addition to the agreement *95 and instrument of conveyance itself." Barr, 314 So.2d at 611.
Under very similar facts, the Third District held in Minalla v. Equinamics Corp., 954 So.2d 645 (Fla. 3d DCA 2007), that an evidentiary hearing is required to determine whether a transaction constitutes a valid sale and lease or a mortgage. Minalla executed a deed conveying her residence to Equinamics in return for a one-year lease back of the residence with an option to repurchase. Just as the Bernsteins did, she also executed an assignment of escrow, bill of sale, and name affidavit in connection with the transaction. However, there was no settlement statement, title insurance, or tax or insurance proration. The first mortgage on the property remained undisturbed, and Minalla made payments on the mortgage. Additionally, she maintained the interior and exterior of the home, the structure, the electrical, plumbing, and all major appliances.
Subsequently, when Equinamics attempted to evict Minalla for nonpayment of rent, she brought an action against Equinamics alleging that she was tricked into entering the transaction, which was not a sale but rather a disguised loan secured by her home. The trial court ordered her to pay rent into the court registry, which Minalla appealed. The Third District observed that this was not an ordinary real estate transaction or usual landlord-tenant relationship. The court further noted that there was a factual dispute concerning who was the true owner of the property. Because the order requiring payments into the court registry was made without conducting an evidentiary hearing concerning the nature of the transaction and who was the true owner of the residence, the Third District concluded that the trial court erred in imposing the payment requirement.
Like Minalla, the transaction in this case is not an ordinary real estate transaction or landlord-tenant relationship. Material issues of fact remain. Taking the record in the light most favorable to the Bernsteins, New Beginnings approached the Bernsteins and led them to believe that it would help them save their home through a refinance. Ultimately, the Bernsteins signed the transaction documents two days before the foreclosure sale, having exhausted all avenues of financing. The lease agreement provided that New Beginnings was to use the rental payments to pay the existing mortgage on behalf of the Bernsteins. The mortgage remained in the Bernsteins' name, and New Beginnings did not assume the mortgage. It is not clear from this record that the mortgage holder even knew that the property had been transferred. Moreover, there was no settlement statement in connection with the transaction, no title insurance, and no tax or insurance prorations. At the same time, the Bernsteins were required to maintain the interior and exterior of the house, and pay taxes, insurance, and homeowner's fees. All indicia of ownership remained with the Bernsteins. Based on the facts of this case, it is apparent that the transaction by which New Beginnings received title to the Bernsteins' residence was clearly not an ordinary real estate transaction. Likewise, the circumstances under which the Bernsteins continued to remain on the property after they executed the warranty deed to New Beginnings was not possessed of the trappings of a usual landlord-tenant relationship. Minalla, 954 So.2d at 647.
New Beginnings claims that all of the documents and the Bernsteins' deposition testimony prove that they knew exactly what the documents stated and agreed that they were not under duress. Aside from the fact that the documents themselves refer to the sale as a "distress" sale, *96 the terms and conditions set forth are not consistent with a sale and leaseback. They may have known that they were executing the documents, but their legal effect depends upon the totality of the facts and circumstances. Despite the labels on the documents, it is the substance of the transaction and the real intent of the parties that controls.
We therefore reverse both orders and remand for an evidentiary hearing on the merits. We do not address the remaining issues raised by the Bernsteins, as those do not involve non-final issues appealable pursuant to Florida Rule of Appellate Procedure 9.130.
POLEN and TAYLOR, JJ., concur.
NOTES
[1] This court has jurisdiction pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(B) (authorizing appeal from an order that is in the nature of an injunction). See Hughes v. First Fed. Savs. & Loan Ass'n, 621 So.2d 557, 557 (Fla. 4th DCA 1993) (order requiring payments into court registry reviewable as an order granting injunction) (citing CMR Distribs., Inc. v. Resolution Trust Corp., 593 So.2d 593 (Fla. 3d DCA 1992)). See also Minalla v. Equinamics Corp., 954 So.2d 645 (Fla. 3d DCA 2007).
[2] This court has jurisdiction pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(C)(ii) (non-final order determining the right to immediate possession of property). The order has not been treated as a final order as there appear to be additional issues pending in the trial court.