MAX N. TOBIAS, JR., Judge.
 

 hOn 31 January 2007, the state filed a bill of information charging the defendant, Wilbert C. Vanburen
 
 [1]
 
 (“Vanburen”), with possession of cocaine, a violation of La. R S. 40:967 C(2). At his arraignment on 5 February 2007, Vanburen pled not guilty. On 25 June 2007, the trial court denied his motion to suppress the evidence and found probable cause. On 31 July 2007, a jury found Vanburen guilty as charged. The state filed a multiple bill on 16 October 2007 to which Vanburen pled not guilty. On 17 October 2007, the trial court denied Vanburen’s motions for new trial, post-judgment verdict of acquittal and to quash the multiple bill. On that same day, the court sentenced Vanburen to ten years in the Department of Corrections without
 
 *554
 
 benefit of probation or suspension of sentence as a third offender, and granted Vanburen’s motion for appeal.
 

 STATEMENT OF FACT
 

 New Orleans Police Department (“NOPD”) Criminalist, Officer William Giblin, testified that he tested the white substance retrieved by officers at the time of Vanburen’s arrest and determined that the substance was cocaine.
 

 | ¿Officer Octavio Baldassaro, Jr., a nine-year veteran of the NOPD, testified that on the night of 21 July 2006, he was assigned to the Special Operations Division along with his partner, Officer Chad Gag-non. They were patrolling in a marked police unit in the area of North Tonti and St. Philip Streets, an area of the city of New Orleans known as a high crime area. Officers Steven Keller and Travis Ward were also patrolling the same area in a separate police unit.
 

 Officer Baldassaro observed the defendant standing in front of 2422 St. Philip Street with three or four other people. He described the lighting as good- — street lights and lighting from neighboring houses. When Vanburen spotted Officers Keller and Ward approaching, he reached into his right front pants pocket, dropped an object to the ground and began walking away from the two officers in Officer Bal-dassaro’s direction. When Vanburen saw Officer Baldassaro, he stopped and looked around. Based upon observation and experience, Officer Baldassaro decided to investigate. He and Officer Gagnon exited their vehicle. Officer Gagnon detained Vanburen while Officer Baldassaro retrieved the object he had seen the defendant discard. The object was a plastic bag containing crack cocaine. The officers arrested Vanburen and placed the contraband with Central Evidence and Property of the NOPD.
 

 Officer Gagnon testified that he was Officer Baldassaro’s partner and on patrol with Officer Baldassaro on the night of the defendant’s arrest. He explained that he and Officer Baldassaro were in the area because of a rash of narcotics and weapons violations. Officer Gagnon stated that he was about one-half block away from Van-buren when he witnessed Vanburen reach into his pocket and discard an ¡¡¡object. Vanburen appeared to be focusing on Officers Keller and Ward as he discarded the object. Officers Gagnon and Baldassaro exited their police unit. Officer Baldassa-ro retrieved the discarded object. Upon being shown the object by Officer Baldas-saro, Officer Gagnon placed Vanburen under arrest.
 

 Officer Travis Ward testified that he was in the vicinity of the defendant’s arrest on the night in question but played no part in Vanburen’s arrest.
 

 Ms. Jeanie Donovan, a university student and intern with the Public Defender’s Office, testified for the defense. She told the court that she measured the 2400 block of St. Philip Street. From the curb at North Tonti Street to 2422 St. Philip Street, where the drop allegedly took place, she measured a distance of 185 feet. In making the measurement, she noted that only two street lights were present in the 2400 block of St. Philip Street. Both street lights stood on the opposite of the street from where the alleged drop took place, with the closest light standing 60 feet from the alleged drop site. Ms. Donovan further indicated that she visited the 2400 block of St. Philip Street the night before trial and found that none of the houses on the side of the street where the drop occurred had lights. She added that on the night before trial, she and defense counsel, Josh Perry, reenacted the scene of the alleged drop. She positioned herself inside her vehicle, which was parked in
 
 *555
 
 the spot where the officers testified they were when they saw Vanburen drop the contraband. Mr. Perry dropped a key chain first and then a white ball of paper. Ms. Donovan was unable to see either object fall from the vantage point the police claim they saw Vanburen drop the contraband. The street lights were on and a full moon was present the night of the reenactment. Ms. Donovan admitted under cross-examination that the only measurements she performed and the flighting observations she made were on the night before the trial, not the night of the incident.
 

 ERRORS PATENT
 

 A review for errors patent reveals none exist.
 

 DEFENSE COUNSEL ASSIGNMENT OF ERROR NUMBER 1
 

 As error, the defense first contends the trial court erred in failing to grant its motion for continuance.
 

 Vanburen had issued a subpoena duces tecum to the NOPD for production of mobile data terminal records
 
 [2]
 
 accessed by the arresting officers at the time of Vanbu-ren’s arrest. Vanburen argues that had the trial court granted the continuance, he would have been able to learn the identities of the other individuals who were arrested the same night at the same location and discover the source of the contraband the police contend he discarded.
 

 La.C.Cr.P. art. 707 provides in part that after contradictory hearing, the court may grant a continuance, but only upon a showing that such motion is in the interest of justice. In
 
 State v. Martin,
 
 93-2085, p. 10-11 (La.10/17/94), 645 So.2d 190, 197, the Court stated that “[t]he decision to grant or deny a continuance lies within the wide discretion of the trial court.” In
 
 State v. Johnson,
 
 96-0950 (La.App. 4 Cir. 2/4/98), 706 So.2d 468, 478-79 (on reh’g), this court declared that “[t]he decision to grant or deny a motion for continuance rests with the sound discretion of the trial judge, and a reviewing court will not disturb such a | .^determination absent a clear abuse of discretion.”
 
 See also
 
 La.C.Cr.P. art. 712 (“[a] motion for continuance, if timely filed, may be granted, in the discretion of the court, in any case if there is good ground therefor.”) A showing of specific prejudice is required to demonstrate that the trial court erred in denying the continuance.
 
 State v. Holmes,
 
 590 So.2d 834 (La.App. 4th Cir.1991). In order for a defendant to show prejudicial error, one must demonstrate that the testimony of the absent witness would (a) be favorable to the defense and (b) indicate the possibility of a different result if the witness had testified. La.C.Cr.P. art. 731;
 
 State v. Jefferson,
 
 04-1960, pp. 33-34 (La. App. 4 Cir. 12/21/05), 922 So.2d 577, 601.
 

 In denying the motion for continuance, the trial court noted that there was no likelihood that any other individuals present at the time of Vanburen’s arrest would waive their constitutional rights and testify that he/she possessed the narcotics rather than Vanburen. Specifically, the trial judge noted:
 

 The court on reflection as it relates to this matter, has determined that it’s sufficient for the jury to hear that there were other people who were in that area, who may have been stopped, and it is a so-called high drug area. The Court does anticipate and is aware of your possible argument to the jury that anyone else, including any other particular
 
 *556
 
 suspects who have been stopped in the moments before or a short period of time before, or even a day before, may be responsible for the discarding of what is alleged to be cocaine in that area, cocaine allegedly linked to the defendant. The court is further aware that if any of these persons were discovered by name, that in all likelihood they would invoke the Fifth Amendment privilege and would not be willing to admit that it was they and not the defendant, Mr. Van Burén, who discarded the cocaine.
 

 Additionally, in view of the testimony of Officers Baldassaro and Gagnon, it is unlikely Vanburen would have discovered the identities of these other persons | ^because Officers Baldassaro and Gagnon both testified that they did not question anyone else on the scene.
 

 Further, Vanburen has not been denied a defense. Defense counsel argued to the jury that multiple persons were present on the scene on the night of the incident and at least one other individual was arrested for “throwing down” contraband.
 
 [3]
 

 Based on the foregoing, we find that the trial judge did not abuse his discretion in denying Vanburen’s motion for continuance. Thus the assignment of error has no merit.
 

 DEFENSE COUNSEL ASSIGNMENT OF ERROR NUMBER 2
 

 In the second assignment of error, defense counsel argues that the trial court erred in denying his motion for post-verdict judgment of acquittal. Specifically, Vanburen contends that the evidence is insufficient to support the verdict. He claims he was convicted entirely on the uncorroborated testimony of two NOPD officers out to “make cases.”
 

 In
 
 State v. Jones,
 
 06-0485 (La.App. 4 Cir. 11/21/06), 952 So.2d 705,
 
 aff'd., State v. Jones,
 
 07-1052 (La.6/3/08), 988 So.2d 95, this court noted:
 

 “A post verdict judgment of acquittal shall be granted only if the court finds that the evidence, viewed in a light most favorable to the state, does not reasonably permit a finding of guilty.” La. C.Cr.P. art. 821(B). A motion for post verdict judgment of acquittal raises the question of sufficiency of the evidence. See
 
 State v. Thibodeaux,
 
 98-1673, p. 12 (La.9/8/99), 750 So.2d 916, 926. Evidence is deemed to have been sufficient when, after viewing the evidence in the light most favorable to the prosecution, it is determined that any rational trier of fact could have found the essential elements of the l7crime proven beyond a reasonable doubt.
 
 Jackson v. Virginia,
 
 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560;
 
 State v. Cummings,
 
 95-1377 (La.2/28/96), 668 So.2d 1132.
 

 Jones,
 
 06-0485, pp. 3-4, 952 So.2d at 707.
 

 In the case at bar, Vanburen was convicted of possession of cocaine, which makes it unlawful for any person to knowingly or intentionally possess a controlled dangerous substance. To convict an individual for possession of a controlled dangerous substance, the state must prove that the accused knowingly possessed it.
 
 State v. Handy,
 
 00-0051, p. 3 (La.App. 4 Cir. 1/24/01), 779 So.2d 103, 104. Officers Baldassaro and Gagnon testified that they witnessed Vanburen reach into his pocket and discard an object. Subsequent testing by the state confirmed that the object discarded was cocaine. The evidence indicates that Vanburen knowingly possessed the contraband and then discarded it.
 

 
 *557
 
 Vanburen further argues that Officers Baldassaro’s and Gagnon’s testimonies are discredited by his defense investigator’s testimony. We disagree. The defense expert, Ms. Donovan, corroborated the officers’ testimony that Vanburen was arrested in an area lit by two street lights. Moreover, Ms. Donovan admitted that she had no investigative expertise and that her calculations were made the night before trial, not at the time of the offense. Additionally, just because Ms. Donovan’s untrained eye could not see the “test drop” does not mean that two police officers trained to spot criminal activity could not have seen Vanburen discard the contraband.
 

 Finally, Vanburen contends that his motion should have been granted because the state presented a paucity of evidence in his case in comparison to other cases in which trial courts have denied motions for new trial based upon much more evidence.
 

 [sThe argument is baseless. Absent internal contradiction or irreconcilable conflict with the physical evidence, a single witness’ testimony, if believed by the factfinder, is sufficient to support a factual conclusion.
 
 State v. Marshall,
 
 04-3139 (La.11/29/06), 943 So.2d 362,
 
 cert. denied,
 
 — U.S. -, 128 S.Ct. 239, 169 L.Ed.2d 179 (2007). Credibility determinations are within the sound discretion of the trier of fact and will not be disturbed unless clearly contrary to the evidence.
 
 State v. Vessell,
 
 450 So.2d 938, 943 (La. 1984). The jury chose to credit the testimony of the state’s witnesses and not the testimony of the defense’s witness. The jury’s determination was not unreasonable in light of the evidence in this case. The assignment is without merit.
 

 PRO SE ASSIGNMENT OF ERROR NUMBER 1
 

 In the first of two
 
 pro se
 
 assignments of error, Vanburen complains that his multiple offender adjudication is based upon two flawed guilty pleas. He argues four reasons why his 14 August 2001 guilty plea to possession of crack cocaine in case number 422-786 and 26 October 2004 guilty plea to possession with intent to distribute cocaine in case number 452-657, are defective because there is (a) no evidence that he was represented by counsel at either prior guilty plea; (b) no indication the judge addressed him personally before he waived his rights prior to either plea; (c) no indication either guilty plea was knowing and voluntary; and (d) the state failed to produce a “perfect transcript” of the plea colloquy in either of the cases.
 

 In
 
 State v. Alexander,
 
 98-1377 (La.App. 4 Cir. 2/16/00), 753 So.2d 933, we held:
 

 | sLSA-R.S. 15:529.1 D(l)(b) states that the district attorney has the burden of proving beyond a reasonable doubt any issue of fact and that the presumption of regularity of judgment shall be sufficient to meet the original burden of proof. In
 
 State v. Shelton,
 
 621 So.2d 769, 779-780 (La.1993), the Supreme Court stated:
 

 If the defendant denies the allegations of the bill of information, the burden is on the State to prove the existence of the prior guilty pleas and that defendant was represented by counsel when they were taken. If the State meets this burden, the defendant has the burden to produce some affirmative evidence showing an infringement of his rights or a procedural irregularity in the taking of the plea. If the defendant is able to do this, then the burden of proving the constitutionality of the plea shifts to the State. The State will meet its burden of proof if it introduces a “perfect” transcript of the taking of the guilty plea, one which reflects a colloquy between judge and defendant
 
 *558
 
 wherein the defendant was informed of and specifically waived his right to trial by jury, his privilege against self-incrimination, and his right to confront his accusers. If the State introduces anything less than the “perfect” transcript, for example, a guilty plea form, a minute entry, an “imperfect” transcript, or any combination thereof, the judge then must weigh the evidence submitted by the defendant and by the State to determine whether the State has met its burden of proving that the defendant’s prior guilty plea was informed and voluntary, and made with an articulated waiver of the three Boykin rights. [Footnotes omitted].
 

 Alexander,
 
 98-1377 at pp. 5-6, 753 So.2d at 937.
 

 In the case at bar, the state presented a minute entry reflecting that on 14 August 2001, in case number 422-786, Wilbert C. Vanburen, attended by counsel, pleaded guilty as charged to a violation of La. R.S. 40:967 B(l) and was sentenced to two years, with the sentence to run concurrently with all other sentences. The minute entry reflected that,
 
 prior to
 
 entering the plea, the defendant was interrogated by the court as to his right to trial by jury, his right to face his |inaccusers, his right against self-incrimination, and his right to an appeal. The defendant answered in the affirmative and announced to the court that he understood those rights. The docket master in that case reflects the 14 August 2001 guilty plea and that the defendant was sentenced to two years. The state also introduced a plea of guilty form in case number 422-786, dated 14 August 2001, reflecting that a Wilbert C. Vanbu-ren, represented by counsel, waived his right to a trial by judge or jury, waived his right to an appeal, waived his right to face and cross-examine the witnesses against him, waive his right to compulsory process, and waived his right against self-incrimination; he pleaded guilty to possession with intent to distribute cocaine.
 

 As to Vanburen’s 26 October 2004 guilty plea to possession with intent to distribute cocaine in ease number 452-657, the state introduced the docket master which reflects that on 26 October 2004 Wilbert C. Vanburen, attended by counsel, pled guilty as charged to a violation of La. R.S. 40:967 C(2) and was sentenced to three years suspended with three years active probation with the conditions he participate in drug court program and pay a $1,300.00 a fine. The state also introduced a plea of guilty form in that case, dated 26 October 2004, reflecting that Wilbert Vanburen, represented by counsel, waived his right to a trial by judge or jury, waived his right to an appeal, waived his right to face and cross-examine the witnesses against him, waived his right to compulsory process, and waived his right against self-incrimination; he pleaded guilty to possession of crack cocaine.
 

 Although the state during the habitual offender adjudication herein did not produce a colloquy for either of Vanburen’s guilty pleas, the state did introduce documentation as to both guilty pleas showing that the defendant was represented by counsel, was advised of his rights, informed of the nature of offenses, | nrepresented that he had not been forced, threatened, or coerced in any way to render either guilty plea, and that he understood the nature of proceedings, and signed waiver of rights forms indicating the sentences he was to receive, and the trial court found that there was a factual basis for each guilty plea. La.C.Cr.P. art. 556.1 A(l). Moreover, before adjudicating Vanburen as a third offender, the trial judge herein thoroughly reviewed all of the documentation presented by the state and decided that it comported with
 
 Boykin
 
 provisions. This assignment is without merit.
 

 
 *559
 

 PRO SE ASSIGNMENT OF ERROR NUMBER 2
 

 Lastly, Vanburen argues the trial court erred in failing to vacate his ten year sentence as a second offender prior to imposing sentence on him as a third offender for a manslaughter conviction.
 
 [4]
 

 The record indicates that immediately after the trial judge imposed sentence for the conviction which is the subject of this appeal, he also sentenced Vanburen as a third offender for the subsequent manslaughter conviction. As the defendant’s sentencing for manslaughter has no bearing on this appeal, the assignment of error is without merit. If an error in the defendant’s sentencing for manslaughter exists, that issue should be addressed in his appeal of his manslaughter conviction and sentence, not in this appeal. This assignment is without merit.
 

 DEFENSE MOTION TO CORRECT RECORD
 

 112Pefense counsel has filed a Motion to Correct Record in which he indicates that as he prepared his brief in this case, he noticed that documents pertaining to another of the defendant’s convictions were misfiled in this record. Because the record on file in this appeal is only a copy of the original, we remand this matter to the trial court to act upon Vanburen’s Motion to Correct Record.
 

 CONCLUSION
 

 For the foregoing reasons, we affirm the conviction and sentence of Vanburen.
 

 AFFIRMED WITH ORDER.
 

 [1]
 

 . Throughout the record of these proceedings, the defendant's surname is interchangeably spelled “VanBuren” and "Vanburen”. As "Vanburen” is the spelling the defendant uses on his
 
 pro s
 
 e brief, that spelling is used.
 

 [2]
 

 . Mobile data terminal records are computer generated logs officers are required to keep as to field interviews.
 

 [3]
 

 . Robert (Joshua) McFarland was that other person. He was accused of discarding a gun. He did not testify at Vanburen’s trial.
 

 [4]
 

 . In case number 469-335 of Orleans Parish Criminal District Court, the defendant was convicted of manslaughter. Vanburen is presently appealing that conviction and sentence, which bears number 2008-KA-0534 on this court’s docket.