# Third District Court of Appeal

## State of Florida

Opinion filed January 28, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-0616
Lower Tribunal No. 25-42933-CC-20
_____


**Stephen Sanker,**
Appellant,

vs.

**James Baptiste,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Kevin Hellmann, Judge.

Stephen Sanker, in proper person.

James Baptiste, in proper person.


Before LOGUE, LINDSEY, and GORDO, JJ.

LINDSEY, J.,

Appellant, Stephen Sanker ("Tenant"), appeals the trial court's rent deposit order and final judgment of eviction. The trial court's determination was based on its "assessment of the credibility and accuracy of sworn testimony provided by [Tenant] and Defendant Stephen Sanker during the hearing on the Motion to Determine Rent." Yet, Tenant did not provide a transcript of the proceedings that the trial court's rent determination order and final judgment of eviction rely on. Accordingly, we affirm in all respects.

As we explained in Halmos v. Longstock II, LLC, "[t]he failure to produce a transcript of the proceedings is usually fatal to a party's appeal." 282 So. 3d 924, 924 (Fla. 3d DCA 2019); see also Applegate v. Barnett Bank of Tallahassee, 377 So. 2d 1150, 1152 (Fla. 1979) ("Without a record of the trial proceedings, the appellate court can not properly resolve the underlying factual issues so as to conclude that the trial court's judgment is not supported by the evidence or by an alternative theory."). "This applies to the summary procedure of eviction hearings." Halmos, 282 So. 3d at 924 (citing Nichilo v. Fisher, 964 So. 2d 738, 740-41 (Fla. 5th DCA 2007) (noting that there is no requirement for specific factual findings in the order, and lack of record required affirmance)).

Thus, the record is incomplete to permit us to determine whether error occurred. As such, affirmance is proper, particularly here, whereas the trial

2

court's determination was based on a credibility assessment.  See Aabbott v. Kligman, 418 So. 3d 724, 725 (Fla. 3d DCA 2025) (quotation omitted) ("The credibility of witnesses is within the trial court's exclusive purview. It is inappropriate for an appellate court to reweigh the evidence and credibility of witnesses.  And so we defer to the trial court as to issues of credibility.").

Affirmed.